IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:21-CV-501-RJC-DCK

| | |
|---|---|
| FS MEDICAL SUPPLIES, LLC, | ) |
| Plaintiff, | ) |
| v. | ) MEMORANDUM AND |
| | ) RECOMMENDATION |
| TANNER PHARMA UK LIMITED | ) |
| TANNERGAP, INC., | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on the "Notice Of Parties' Agreement To Conduct Discovery And Motion To Stay Time For Plaintiff's Response To Defendants' Motion To Dismiss" (Document No. 19) and Defendants' "Motion To Dismiss" (Document No. 15). These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and immediate review is appropriate. Having carefully considered the motions and the record, the undersigned will respectfully recommend that the motion to stay be <u>granted with modification</u> and that the motion to dismiss be <u>denied without prejudice</u>.

## BACKGROUND

FS Medical Supplies, LLC ("Plaintiff" or "FSMS") initiated this action with the filing of its "Complaint" (Document No. 1) on September 23, 2021. Defendants TannerGAP, Inc. ("GAP") and Tanner Pharma UK Limited ("Tanner UK") (together, "Defendants") responded with a "Motion To Dismiss" (Document No. 15) filed on December 6, 2021.

Defendants contend that the Complaint should be dismissed for lack of personal jurisdiction, *forum non conveniens*, and for failure to state a claim. (Document No. 15). More specifically, Defendants assert that the claims against GAP should be denied with prejudice and

that the claims against Tanner UK should be denied without prejudice to being brought, if at all, in the Courts of the United Kingdom.  Id.

On December 14, 2021, the undersigned granted Plaintiff's unopposed motion to extend time to respond to the motion to dismiss and extended the response deadline to January 14, 2022. (Document No. 18).  In addition, the Court directed the parties to confer regarding the need for early discovery related to jurisdictional issues.  Id.

The parties now inform the Court that they have reached an agreement to conduct early discovery related to jurisdictional issues and, therefore, seek to further extend the briefing schedule for the pending motion to dismiss.  (Document No. 19).  The parties expect to complete discovery related to this Court's jurisdiction over Defendant Tanner UK by April 14, 2022.  Id.

## DISCUSSION

The undersigned commends the efforts of counsel and the parties in reaching an agreement on early jurisdictional discovery and finds that a stay of other action in this case through the end of April 2022 is appropriate.  However, in the interests of judicial economy and efficient case management, the undersigned finds that the pending motion to dismiss should be denied, without prejudice to being re-filed at the conclusion of the jurisdictional discovery.  It seems likely that the Complaint and/or the Motion To Dismiss will benefit from amendment following the parties' early discovery.

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that the "…Motion To Stay Time For Plaintiff's Response To Defendants' Motion To Dismiss" (Document No. 19) be **GRANTED, with modification**.  The parties shall have until **April 14,**

**2022** to conduct jurisdictional discovery and this matter will be **STAYED** as to other briefing or motions practice unrelated to discovery.

**IT IS FURTHER RECOMMENDED** that Defendants' "Motion To Dismiss" (Document No. 15) be **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that Plaintiff be directed to file an Amended Complaint, or notice of intent not to amend, by **April 22, 2022**. Defendants shall then file an Answer, file a renewed motion to dismiss, or otherwise respond to the Complaint/Amended Complaint, on or before **May 6, 2022**.

### TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: January 18, 2022

David C. Keesler
United States Magistrate Judge