IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:21-CV-501-RJC-DCK

| | | |
|---|---|---|
| FS MEDICAL SUPPLIES, LLC, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TANNERGAP, INC., TANNER PHARMA | ) | |
| UK LIMITED, RAYMOND FAIRBANKS | ) | |
| BOURNE, and STEPHEN JOHN SCALIA, | ) | |
| | ) | |
| **Defendants.** | ) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion To File A Document Under Seal" (Document No. 38). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion, and direct Plaintiff to file a publicly-available redacted version of the Amended Complaint.

## BACKGROUND

Plaintiff FS Medical Supplies, LLC ("Plaintiff" or "FSMS") initiated this action with the filing of a Complaint (Document No. 1) on September 23, 2021. The original Complaint asserted claims against TannerGAP, Inc. ("TannerGAP") and Tanner Pharma UK Limited ("Tanner Pharma UK"). (Document No. 1).

On December 6, 2021, Defendants TannerGAP and Tanner Pharma UK filed a "Motion To Dismiss" (Document No. 15). The Court denied the motion to dismiss without prejudice, and directed the parties to conduct jurisdictional discovery. See (Document Nos. 20 and 21). The

deadline for jurisdictional discovery, and for Plaintiff to file an Amended Complaint, was extended multiple times. (Document Nos. 23, 27, 36).

Plaintiff filed the now pending "…Motion To File A Document Under Seal" (Document No. 38), along with a sealed "Amended Complaint" (Document No. 40), on August 12, 2022. The Amended Complaint asserts claims against TannerGAP, Tanner Pharma UK, Raymond Fairbanks Bourne ("Bourne") and Stephen John Scalia ("Scalia") (all together "Defendants") for: (1) Breach of Contract – Distribution Agreement; (2) Breach of Contract – Non-Circumvention Agreement; (3) Breach of Contract – Implied Covenant of Good Faith and Fair Dealing; and (4) Unfair and Deceptive Trade Practices. (Document No. 40, pp. 29-35).

"TannerGAP, Inc. And Tanner Pharma UK Limited's Memorandum In Response To Plaintiff's Motion To File A Document Under Seal" (Document No. 53) was filed on August 25, 2022. "Plaintiff's Response…" (Document No. 55) was filed on August 26, 2022.[1] Defendants Bourne and Scalia have not responded to the pending motion.

The pending motion is now ripe for review.

**STANDARD OF REVIEW**

A party who seeks to seal any pleading must comply with the Local Rules of this Court. Local Civil Rule("LCvR") 6.1 provides in relevant part as follows:

> **LCvR. 6.1    SEALED FILINGS AND PUBLIC ACCESS.**
>
> **(a)**    *Scope of Rule*. To further openness in civil case proceedings, there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed. This Rule governs any party's request to seal, or otherwise restrict public access to, any materials filed with the Court or used in connection with judicial decision- making. As used in this Rule, "materials" includes pleadings and documents of any nature and in any medium or format.

---

[1] The Court construes this filing as Plaintiff's reply brief. See Local Rule 7.1(e).

>**(b)** *Filing under Seal*. No materials may be filed under seal except by Court order, pursuant to a statute, **or in accordance with a previously entered Rule 26(e) protective order**.
>
>**(c)** *Motion to Seal or Otherwise Restrict Public Access*. A party's request to file materials under seal must be made by formal motion, separate from the motion or other pleading sought to be sealed, pursuant to LCvR 7.1. Such motion must be filed electronically under the designation "Motion to Seal." The motion must set forth:
>
>>**(1)** A non-confidential description of the material sought to be sealed;
>>**(2)** A statement indicating why sealing is necessary and **why there are no alternatives to filing under seal**;
>>**(3)** Unless permanent sealing is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing; and
>>**(4)** Supporting statutes, case law, or other authority.

Local Rule 6.1 (emphasis added). It appears that the requirements of Local Rule 6.1(c)(1) through (4) have been met.

## DISCUSSION

Plaintiff filed its motion to seal the Amended Complaint, consistent with the requirements of the parties' "Stipulated Protective Order" (Document No. 25), but Plaintiff actually opposes sealing, or even redacting, the Amended Complaint. (Document Nos. 38, 39, and 55). In support of the motion to seal, Plaintiff notes that pursuant to the Protective Order, "a party may not publicly file documents or information contained in documents that have been marked as 'Confidential.'" (Document No. 39, p. 3). See also (Document No. 25, p. 10). Plaintiff acknowledges that the Amended Complaint relies on and quotes approximately 100 Confidential documents provided by Defendants. Id.

In response to the motion to seal, TannerGAP and Tanner Pharma UK (together, the

3

Case 3:21-cv-00501-RJC-DCK   Document 57   Filed 09/06/22   Page 3 of 6

"Corporate Defendants") "join Plaintiff's Motion to File a Document Under Seal." (Document No. 53, p. 1). Corporate Defendants note that the Amended Complaint "relies in part on sensitive and proprietary information produced during jurisdictional discovery" that appears "to be derived from documents produced for purposes of jurisdictional discovery and designated 'Confidential.'" (Document No. 53, p. 1).

Corporate Defendants "request only that portions of 13 paragraphs be sealed by redaction" and have filed a version of the Amended Complaint (Document No. 54) with proposed redactions. Id.; see also (Document No. 54). Corporate Defendants contend the proposed redactions "contain confidential, sensitive, and proprietary business information" and "reveal pricing terms and other commercially sensitive information regarding non-parties to this action." (Document No. 53, p. 3).

Corporate Defendants note that the "Stipulated Protective Order" "protects, among other things, the 'private information of an . . . entity'" and they contend that they "have, and will continue to, make a good faith effort to resolve the dispute pursuant to section 10 of the Stipulated Protective Order." (Document No. 53, pp. 3-4).

In reply, Plaintiff argues that the "First Amendment governs the issue presented here," and that "only a compelling governmental interest in secrecy can justify sealing a complaint, and even then the sealing must be narrowly tailored to serve that interest." (Document No. 55, pp. 1-2). Although Plaintiff cites to caselaw requiring parties to "consider less drastic alternatives to sealing," Plaintiff opposes *any* redactions to the Amended Complaint. (Document No. 55, p. 20 (quoting Virginia Dep't of State Police v. Washington Post, 386 F.3d 567, 576 (4th Cir. 2004)).

As an initial matter, the undersigned is not persuaded that capable and experienced counsel on both sides, who are familiar with this Court's expectations, adequately conferred with each

other in a good faith attempt to resolve their disagreement over the extent of appropriate redaction of the Amended Complaint.  See LCvR 7.1(b);  see also (Document No. 25, pp. 8-10).  It appears the parties should have been able to agree on some minimal redactions before the deadline for filing the Amended Complaint, and to thereby completely avoid motions practice on this issue.

After considering the parties' briefs and cited legal authority, the Amended Complaint, and the record, the undersigned will allow the unredacted version of the Amended Complaint (Document No. 40) to remain sealed and will direct Plaintiff to file a publicly-available redacted version of the Amended Complaint.  The undersigned finds that redactions "narrowly tailored to serve the interest of protecting the confidential and sensitive business information contained therein" are appropriate, and consistent with the "Stipulated Protective Order," the Local Rules, and caselaw from this Court.  Scalzo v. Brandenburg, 1:19-CV-161-MR-WCM, 2020 WL 555390 at *1 (W.D.N.C. Feb. 4, 2020);  see also,  Media General Operations, Inc. v. Buchanan, 417 F.3d 424, 429 (4th Cir. 2005) ("If a judicial officer determines that full public access is not appropriate, she 'must consider alternatives to sealing the documents,' which may include giving the public access to some of the documents or releasing a redacted version of the documents that are the subject of the government's motion to seal.").

Overall, the undersigned finds that the Defendants' proposed redactions in thirteen (13) paragraphs of the Amended Complaint are reasonable, and involve relatively few phrases and words/numbers out of the thirty-five (35) page, one hundred and sixty-nine (169) paragraph pleading.  See (Document No. 54).  Certainly the redaction of pricing information and the numbers of units of products discussed therein is permissible, and creates little, if any, prejudice to Plaintiff or anyone else reviewing the Amended Complaint.

That said, the undersigned is optimistic that Defendants may be able to further limit their

proposed redactions after proper consultation between counsel. Attorneys for both sides, including, at minimum, Mr. Erwin and Mr. Kutrow, shall discuss Defendants' proposed redactions in person, or by other "live" communication (telephone, Teams, Zoom) on or before **September 13, 2022**. Counsel shall consider and discuss the proposed redactions in Document No. 54 word-by-word, and attempt in good faith to compromise and eliminate any unnecessary redaction. Plaintiff shall then file a redacted version of the Amended Complaint based on the parties' agreement.

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion To File A Document Under Seal" (Document No. 38) is **GRANTED**. Document No. 40 shall remain under **SEAL** until otherwise ordered by this Court.

**IT IS FURTHER ORDERED** that Plaintiff shall file a publicly-available redacted version of the Amended Complaint on or before **September 16, 2022**.

**SO ORDERED**.

Signed: September 2, 2022

David C. Keesler
United States Magistrate Judge