IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00501-RJC-WCM

| | |
|---|---|
| FS MEDICAL SUPPLIES, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TANNERGAP, INC.; ) <br> TANNER PHARMA UK LIMITED; ) <br> RAYMOND FAIRBANKS BOURNE; ) <br> and, STEPHEN JOHN SCALIA ) <br> ) <br> Defendants. ) <br> ) | ORDER |

This matter is before the Court for case management purposes and on Plaintiff's Request for Status Conference (the "Request for Status Conference," Doc. 91).

I. Status Conference

The docket reflects that, in addition to the Request for Status Conference, the following motions are pending:

- Rule 12(b)(2) Motion to Dismiss Amended Complaint (the "Personal Jurisdiction Motion," Doc. 62) filed by Tanner Pharma UK Limited ("Tanner UK");

- Rule 12(b)(6) Motions to Dismiss filed by Tanner UK, TannerGAP, Inc., John Scalia, and Raymond Fairbanks Bourne. Docs. 65, 67, 69, 71; and

1

- Plaintiff's "Request for Oral Argument and Evidentiary Hearing on Jurisdictional Issue" (the "Motion for Evidentiary Hearing," Doc. 79).

The undersigned agrees that a status conference may be helpful for case management purposes and therefore Plaintiff's Request for Status Conference will be allowed.

However, to the extent the Request for Status Conference suggests that Plaintiff or other parties wish to conduct early "limited merits discovery," the undersigned notes that no motion requesting leave to conduct early discovery has been filed, and therefore that issue is not properly before the Court.

The parties are free to conduct early discovery, either on a voluntary basis or otherwise as allowed by the Rules of Civil Procedure. Beyond that, any party that wishes to conduct early court-enforced discovery may file a motion seeking leave to do so, provided that no such motion should be filed until counsel have fully conferred and attempted to reach agreement without the need for court intervention.

To assist with the prompt resolution of any such motions (should they be necessary), the undersigned will set a briefing schedule for those issues. Further, the parties are advised that if a hearing on any motion relative to early discovery is needed, the Court would expect to conduct that hearing at the same time as the status conference.

2

## II. Request for Evidentiary Hearing

The Court additionally finds that a hearing on the Motion for Evidentiary Hearing should be scheduled, specifically for the parties to address in further detail the question of whether the presentation of evidence concerning jurisdictional issues is necessary and, if so, what the parties would propose those presentations entail, bearing in mind that any such evidence should not be cumulative and should be strictly limited to matters relevant to the Personal Jurisdiction Motion. See Sneha Media & Entertainment, LLC v. Associated Broadcasting, 911 F.3d 192, 197 (4th Cir. 2018) (when the parties develop the record before trial and the court conducts a hearing at which the parties are afforded a fair opportunity to present both the relevant jurisdictional evidence and their legal arguments — i.e., an "evidentiary hearing,"... — the plaintiff must carry the burden to establish personal jurisdiction by a preponderance of the evidence...") (internal citations omitted); Grizzard v. LG Chem Ltd., --- F.Supp.3d ----, 2022 WL 17076706, at *4 n. 10 (E.D. Va. Nov. 18, 2022) (noting that not all evidentiary hearings involve evidence taken orally in open court and finding that "the jurisdictional discovery conducted by the Parties and the presentation of evidence to this court in the thorough submissions, with supporting documentation...and accompanying text, satisfies the 'evidentiary hearing' requirement").

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Request for Status Conference (Doc. 91) is **GRANTED**, and the Clerk is **RESPECTFULLY DIRECTED** to schedule a status conference.

2. With respect to early court-enforced discovery:

    a. Any motion seeking leave to conduct early court-enforced discovery, beyond that allowed by the Rules, shall be filed on or before March 31, 2023 and shall be limited to ten pages.

    b. Any response shall be filed on or before April 7, 2023 and shall be limited to five pages.

    c. Any reply shall be filed on or before April 12, 2023 and shall be limited to two pages.

3. The Clerk is **RESPECTFULLY DIRECTED** to schedule a hearing on Plaintiff's "Request for Oral Argument and Evidentiary Hearing on Jurisdictional Issue" (Doc. 79), for the purpose stated herein.

This the 24th day of March, 2023.

W. Carleton Metcalf
United States Magistrate Judge

4
Case 3:21-cv-00501-RJC-WCM   Document 92   Filed 03/24/23   Page 4 of 4