IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00501-RJC-WCM

| | |
|---|---|
| FS MEDICAL SUPPLIES, LLC, )<br>)<br>Plaintiff, )<br>)<br>)<br>)<br>v. )<br>)<br>TANNERGAP, INC. and )<br>TANNER PHARMA UK LIMITED, )<br>)<br>Defendants. )<br>) | ORDER |

This matter is before the Court on Motions to Compel that have been filed in this action ("Tanner I") and in FS Medical Supplies, LLC v. Tanner Pharma UK Limited, Raymond Fairbanks Bourne, and Mary Everett Whitehurst Bourne, No. 3:23-cv-00598-RJC-WCM ("Tanner II"). Tanner I, Doc. 134; Tanner II, Doc. 56.[1]

I. Background[2]

On January 3, 2024, FSMS filed the Motions to Compel. Tanner I, Doc. 134; Tanner II, Doc. 56. TannerGAP, Inc. and Tanner Pharma UK Limited (collectively, "Tanner") and Raymond Fairbanks Bourne ("Bourne") and Mary

---

[1] The Motions appear to be identical.

[2] Additional background regarding Tanner I and Tanner II can be found in a separate Memorandum and Recommendation that is being issued contemporaneously in Tanner I.

1

Everett Whitehurst Bourne a/k/a Molly Bourne (the "Bourne Defendants") have filed responses, and FSMS has replied. <u>Tanner I</u>, Docs. 138, 140; <u>Tanner II</u>, 58, 61.

A hearing on the Motions to Compel was conducted on January 17, 2024, following which the undersigned ruled orally on certain aspects of the Motions, and took other issues under advisement. This Order now follows.

II. Discussion

A. Asset Tracing

FSMS seeks to obtain "more granular disclosures concerning the whereabouts of the $200 million taken from TPUK," Doc. 135 at 5, and contends that a declaration submitted by Bourne indicates that the dividends the Bourne Defendants received from TPUK are no longer separately identifiable such that it is reasonable for FSMS to conduct asset tracing discovery. <u>See</u> <u>Tanner II</u>, Doc. 30 (Bourne Declaration), ¶¶ 11, 13.

The undersigned is not persuaded that FSMS has made a sufficient showing to support asset tracing discovery of the scope and to the extent FSMS seeks at this stage of the case. The undersigned will, however, allow FSMS to conduct some limited discovery regarding the initial transfers of the Dividend Payments. Specifically, the Motions to Compel are **GRANTED IN PART** and **DENIED IN PART** as follows: to the extent Tanner and the Bourne Defendants have not already done so, they are **DIRECTED** to produce information and

2

documents showing the receipt by the Bourne Defendants of the Dividend Payments. The Bourne Defendants are also directed to provide information and documents showing any subsequent transfers by the Bourne Defendants of any portion of the Dividend Payments in an amount over $100,000.00.[3]

## B. Business Prospects

FSMS requests that the Court "order Defendants to search for and produce all documents concerning TPUK's business prospects relating to any year in the period 2020 through the present (i.e., 2024), including budgets, business plans, projections, forecasts, models, and prospect lists, as well as documents concerning the representations to the Court in Mr. Bracey's declaration." Tanner I, Doc. 135 at 16.

As discussed during the January 17 hearing, and in light of Tanner's representation that its document production is underway, to the extent the Motion to Compel seeks to compel Tanner to produce documents and information regarding Tanner's business prospects, the Motions are **DENIED WITHOUT PREJUDICE**.

---

[3] The Bourne Defendants are not, however, required to provide any further tracing of the funds from the Dividend Payments at this time. That is, besides information showing their receipt of the Dividend Payments, the Bourne Defendants are to disclose any further initial transfers of $100,000.00 or more of the Dividend Payments, but are not required to disclose any subsequent transfers of those funds. This ruling is without prejudice to FSMS's right to seek such documents and information at a later time, if necessary.

To the extent the Bourne Defendants have additional responsive information and documents regarding Tanner's Business prospects (that is, responsive information and documents that are not being produced by Tanner), the Motions are **GRANTED**, and the Bourne Defendants are **DIRECTED** to produce such information and documents.

### C. Risk of Liability Information

FSMS seeks to compel the production of documents reflecting "Defendants' understanding of TPUK's risk of liability to FSMS…," Bourne's decision to issue each dividend, the timing of TPUK's 2021 financial statement, and communications between persons involved in deciding to declare and pay each dividend. Tanner I, Doc. 135 at 17.

The Motions to Compel are **DENIED WITHOUT PREJUDICE** with respect to these documents.

### D. ESI Collection

The parties' submissions, as well as the arguments of counsel during the January 17 hearing, indicate that many of the parties' threshold discovery disputes stem from disagreements regarding the timeframe for which electronically stored information ("ESI") should be collected from Tanner, and the custodians from whom ESI should be gathered. Generally, FSMS advocates for longer time frames and more custodians, while Defendants contend that shorter time frames and a smaller group of custodians is appropriate.

In order to provide guidance for the parties as they move forward with discovery, and to ensure that the parties' discovery efforts are proportional to the needs of this case, the undersigned will impose certain limitations on the initial gathering of ESI from Tanner. However, the undersigned expresses no opinion regarding the relevance of materials that are beyond the limitations agreed to by the parties or imposed by this Order, and this Order does not constitute a finding that documents that are not captured during the initial collection of ESI are not discoverable. The parties should work together cooperatively as much as possible to revise collection timeframes, custodians, and search terms (in addition to any other matters related to ESI protocols), if necessary, as the case proceeds.

1. Timeframe

With respect to the initial collection of ESI, the undersigned finds that one, consolidated timeframe is appropriate. Accordingly, the Motions to Compel are **GRANTED IN PART**, and Defendants are instructed to collect ESI from the period beginning May 1, 2020 (one month prior to the beginning of the parties' interactions) and ending on October 5, 2023 (the date of the filing of FSMS's Amended Complaint in Tanner II).

### 2. Custodians

With respect to FSMS's request that Chin Okeke, Kerry Tustain, Catherine Williams, and Lorena Mora be added as additional custodians, the Motions to Compel are **DENIED WITHOUT PREJUDICE**.

With respect to FSMS's request that William Taylor and William Boddy be added as additional custodians, the Motions to Compel are **DENIED**.

It is so ordered.

Signed: February 12, 2024

W. Carleton Metcalf
United States Magistrate Judge