UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| FS MEDICAL SUPPLIES, LLC,<br><br>    Plaintiff,<br>v.<br><br>TANNERGAP, INC. *et al.*,<br><br>    Defendants. | Civil Action No.<br>3:21-CV-501-RJC-WCM |

**PLAINTIFF'S MEMORANDUM
IN OPPOSITION TO MOTION FOR PROTECTIVE ORDER**

**ARNOLD & PORTER
  KAYE SCHOLER LLP**
250 W 55th Street
New York, NY 10019
212-836-8000
kent.yalowitz@arnoldporter.com
carmela.romeo@arnoldporter.com

– and –

**ARNOLD & PORTER
  KAYE SCHOLER LLP**
1144 Fifteenth Street, Suite 3100
Denver, CO 80202
303-863-1000
eliseo.puig@arnoldporter.com

**MAYNARD NEXSEN PC**
227 W. Trade Street, Suite 1550
Charlotte, NC 28202
Telephone: (704) 339-0304
lerwin@maynardnexsen.com
dluzum@maynardnexsen.com
kzhao@maynardnexsen.com

*Counsel for Plaintiff*

September 12, 2024

As detailed in the motion to compel of Plaintiff, FS Medical Supplies, LLC ("FSMS"), there has been undisputed destruction and withholding of critical ESI relevant to the heard of the dispute—text messages by and between two of Defendants' senior executives during the most relevant time period. *See* ECF No. 182. Nothing in the motion for a protective order by Defendants Tanner Pharma UK Limited ("TPUK") and TannerGAP, Inc. (together, "Tanner") refutes that. FSMS has therefore met the standard for conducting discovery on discovery, which is allowed "where there is reasonable doubt about the sufficiency of a party's response." *See Am. W. Bank Members, L.C. v. State*, No. 2:16-CV-00326-CW-DAO, 2021 WL 5234372, at *3 (D. Utah Nov. 10, 2021). Rule 30(b)(6) depositions are often permitted when that standard is met. *See infra* pp. 6–7. Tanner should therefore designate a witness to explain the how and when of its preservation, collection, review, and production of the custodial ESI of Messrs. Bourne and Bracey, who have admittedly deleted ESI (Bourne) and refused to cooperate fully with the collection and production of ESI (Bracey).

In opposing this relief, Tanner invokes the wrong legal standard. Tanner urges the Court to decide whether FSMS has, at this juncture, shown "prejudice." That is the legal standard for imposing sanctions for negligent handling of ESI under Rule 37(e)(1). At this point, the Court is only addressing the narrow, predicate question of whether to allow inquiry into the discovery process. *See infra* pp. 4–5, 8–9. Tanner's "privilege" argument is similarly unavailing. Any work product protection that may attach to counsel's involvement in Tanner's compliance with its discovery obligations is overcome by the need for disclosure when a reasonable doubt exists as

to the party's compliance with its discovery obligations, as here. *See infra* pp. 9–11. Tanner's emphasis on the *volume* of documents it has produced is both irrelevant and misleading. A party's production of a large volume of documents does not excuse an incomplete production. *See infra* pp. 11–12.

The Court should deny Tanner's motion for a protective order and permit the deposition to go forward.

## BACKGROUND

As detailed in FSMS's motion to compel, ECF No. 182, at 1–7, Tanner has admitted that:

- Its counsel did not issue a litigation hold for *fifteen months* after it anticipated litigation;

- Mr. Bourne set his phone to auto-delete all SMS text messages;

- None of Mr. Bourne's SMS text messages are recoverable from the key period of time in 2020 when Tanner was negotiating and breaching the contract;

- Mr. Bourne's custodial *email* file contains unexplained gaps, with numerous inculpatory emails found elsewhere missing from Mr. Bourne's data;

- Defense counsel inexplicably overlooked the complete absence of Mr. Bourne's SMS text messages when they certified substantial completion;

- Defense counsel has confirmed the email gaps are in the raw data they collected, but have offered no explanation for those gaps;

- Mr. Bracey refused proper collection of Tanner's ESI housed on his personal device;

- A partner at Tanner's law firm involved in the underlying facts of this case personally chose what messages to produce from Mr. Bracey's phone by taking screenshots;

- Defense counsel knew about this unorthodox conduct, but failed to disclose it in violation of the ESI Protocol; and

- Like the Bourne data, the Bracey ESI and the Scalia ESI contain unexplained gaps.

Despite these failures to preserve and produce ESI, Tanner refuses to designate a witness to testify about the preservation, collection, and production of ESI.

## ARGUMENT

### I. FSMS Has Shown A Sufficient Factual Basis For The Deposition

As detailed in FSMS's motion to compel discovery on discovery, Tanner's multitude of failures to meet its discovery obligations warrants inquiry into the details of its efforts to preserve, collect, review, and produce the Bourne and Bracey ESI. *See* ECF No. 182. These failures raise reasonable doubt, beyond mere speculation, about the sufficiency of Defendants' production. Tanner's arguments to the contrary reflect an inaccurate portrayal of its own conduct.

Because there is a reasonable doubt as to Tanner's compliance with its discovery obligations, deposition testimony on the subject is warranted.

### A. Tanner Fails To Acknowledge Troubling Facts

Tanner's motion fails to inform the Court that it did not issue any litigation hold to its employees, including Messrs. Bourne and Bracey, for *fifteen months* after it anticipated litigation. It glosses over the fact that its Chief Executive Officer set his phone to auto-delete his text messages. It does not mention the fact that Tanner's counsel apparently relied only on Mr. Bourne's naked representations when they certified substantial completion, which is plainly inadequate under Rule 26. *See DR Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 920, 964 (N.D.

3

Ill. 2021) (counsel failed to conduct a reasonable Rule 26 inquiry when they "solely rel[ied] on [client's] representations"). Tanner also fails to acknowledge the fact that numerous emails are *simply missing* from Mr. Bourne's custodial file. Defense counsel cannot or will not say why numerous damning email messages of Mr. Bourne have gone missing, when the file itself is intact and contains numerous routine messages.

Perhaps most troubling, Tanner has not offered an explanation for why defense counsel failed to disclose to FSMS the fact that Mr. Bracey refused to let his phone imaged and that the collection effort consisted of a slapdash manual collection (years into the case), by McGuireWoods attorney William Boddy, an individual who is deeply bound up in the underlying facts. *See Metro. Opera Ass'n v. Loc. 100, Hotel Emps. & Rest. Emps. Int'l Union*, 212 F.R.D. 178, 223 (S.D.N.Y. 2003) (finding "reason to question the completeness of defendants' productions (and the adequacy of [counsel's] supervision)" where "for over a year after the commencement of the litigation" defendants "had not retained electronic documents or drafts").[1]

### B. FSMS Meets The Standard For Discovery On Discovery

Tanner's multiple and serious failures to fulfil its discovery obligations plainly meet the standard for inquiry into the discovery conduct. "It makes sense to allow limited discovery on discovery where there is reasonable doubt about the sufficiency of a party's response." *Am. W. Bank Members, L.C.*, 2021 WL 5234372, at

---

[1] Mr. Boddy appears to be the Tanner relationship partner at McGuireWoods. His personal involvement in a procedure normally conducted by disinterested (and more junior) lawyers was unorthodox.

4

Case 3:21-cv-00501-RJC-WCM   Document 194   Filed 09/12/24   Page 5 of 15

\*2 (cleaned up); *see LKQ Corp. v. Kia Motors Am., Inc.*, 345 F.R.D. 152, 162–63 (N.D. Ill. 2023) (discovery on discovery appropriate where there is "a material failure of [a party's] obligation to conduct a reasonable inquiry in the discovery process."); *Crocs, Inc. v. Effervescent, Inc.*, No. 06-cv-00605, 2017 WL 1325344, at \*8 (D. Colo. Jan. 3, 2017) (discovery on discovery "allowed if a party's efforts to comply with proper discovery requests are reasonably drawn into question"), *objections overruled*, 2017 WL 1325171 (D. Colo. Feb. 24, 2017); *F.F.T., LLC v. Sexton*, No. 1:19-cv-03027, 2020 WL 3258623, at \*3 (S.D. Ind. June 15, 2020) ("[G]iven Plaintiff's identification of responsive documents that likely exist but have not been produced, Plaintiff would be entitled to conduct discovery into the nature and extent of Defendants' discovery response process in order to determine why [relevant documents] were not located.").

Tanner cites cases where all the court had was "mere speculation." Those cases are not applicable here. In *Guillory v. Carrington Mortgage Services, LLC*, plaintiff sought defendant's document retention policy only "to determine if any requested documents have been withheld or destroyed, *just in case*." No. CV 22-192, 2023 WL 4688133, at \*4 (M.D. La. July 21, 2023). In *Freedman v. Weatherford International Ltd.*, there was no allegation of ESI deletion or late institution of a litigation hold. No. 12 Civ. 2121, 2014 WL 4547039, at \*3 (S.D.N.Y. Sept. 12, 2014). The court also found that of the 18 emails produced by third parties but not defendant, most would not have been captured by the agreed search terms and therefore "may have fallen through the cracks." *Id.* In *Black v. West Virginia State Police*,

the court explained: "There is no allegation that [defendant] has engaged in discovery misconduct" and plaintiff "does not suggest … that [defendant's] search for documents was inadequate." No. 3:22-CV-00096, 2023 WL 4834948, at *7, 10 (S.D.W. Va. July 27, 2023). In *S.C. v. Wyndham Hotels & Resorts, Inc.*, there was no allegation of discovery misconduct; rather, the plaintiff sought to "understand the landscape of where documents are stored and [to be] better able to make requests specific to the software, hardware, or storage systems Defendants have." No. 1:23-cv-00871, 2024 WL 21548, at *1 (N.D. Ohio Jan. 2, 2024). In *Powell v. WestRock CP, LLC*, the court found that discovery into policies about security footage was unnecessary where defendant represented no footage in the relevant location ever existed and plaintiff provided no factual basis that defendant was withholding or deleted any footage. No. 2:23-cv-2085, 2024 WL 448785, at *3 (W.D. Ark. Feb. 6, 2024); *see also Fish v. Air & Liquid Sys. Corp.*, No. CV GLR-16-496, 2017 WL 697663, at *17, 20–22 (D. Md. Feb. 21, 2017) (no allegation of discovery misconduct); *Salzgitter Mannesmann Int'l (USA) Inc. v. Sun Steel Co. LLC*, No. 3:22-cv-00030, 2022 WL 3041134, at *2–3 (S.D. Tex. Aug. 2, 2022) (same); *Williams v. NYC Bd. of Elections*, No. 23-cv-5460, 2024 WL 3567395, at *4 (S.D.N.Y. July 29, 2024) (same).

### C. A Rule 30(b)(6) Deposition Is Appropriate

Where the facts warrant discovery on discovery, a Rule 30(b)(6) deposition concerning the preservation, collection, and production of ESI is common. *See Martley v. City of Basehor, Kansas*, 2021 WL 4134307, at *3–5 (D. Kan. Sept. 10, 2021)

6

Case 3:21-cv-00501-RJC-WCM    Document 194    Filed 09/12/24    Page 7 of 15

(ordering a 30(b)(6) deposition on details of searches conducted and communications relating to collection based on evidence of deleted documents); *Korbel v. Extendicare Health Servs., Inc.*, No. 13-cv-2640, 2015 WL 13651194, at *16 (D. Minn. Jan. 22, 2015) (ordering a Rule 30(b)(6) deposition regarding defendant's "email system and related preservations efforts and searches" in order to determine "the question of spoliation"); *Beaudry v. TeleCheck Servs.*, No. 3-07-0842, 2013 WL 12355782, at *2 (M.D. Tenn. Mar. 31, 2013) (ordering a Rule 30(b)(6) deposition on document retention policies and procedures and litigation holds where there is "a potential issue of spoliation in light of the plaintiff's assertions of missing or incomplete data production"); *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 619 (D. Colo. 2007) (ordering Rule 30(b)(6) deposition to "explore the procedures that [defendant] employed to identify, preserve, and produce responsive documents").

Tanner also suggests that because it "does not control" Mr. Bracey's phone, it would be difficult to prepare a corporate representative to testify about his "personal phone use and retention practices." ECF No. 184, at 14 & n.4. There is no reason to think that this particular topic would be difficult to prepare a Rule 30(b)(6) witness on. Mr. Bracey is alive and well and working for Tanner. Even if he is unwilling to testify, Tanner should already know this information, because its counsel was obliged to make reasonable inquiry into relevant ESI sources and retention practices. As one court has explained:

> At the least, a reasonable custodian interview consists of locating the relevant people and the locations and types of ESI. Counsel have a duty to know and understand their clients' ESI systems and storage.… The

> failure to adequately interview key custodians that results in the failure
> to identify, preserve, collect, and produce ESI can result in sanctions.

*DR Distributors, LLC*, 513 F. Supp. 3d at 927.

## II. Tanner's Counter-Arguments Are Unavailing

In attempting to avoid discovery on discovery, Tanner invokes the wrong legal standard, misperceives the interplay between the correct standard and the rules governing work-product and attorney-client protection, and improperly attempts to distract the Court from the relevant facts by pointing to the *volume* of its production, which is immaterial.

### A. Tanner Invokes The Wrong Legal Standard

Tanner argues that FSMS must identify "material information that is unavailable" and show "prejudice it has suffered." *See* ECF No. 184, at 2. Tanner also cites the Advisory Committee Notes regarding Rule 37(e) for the proposition that if negligently lost ESI can be produced from another source, the loss may be harmless. Tanner is relying on the wrong rule and applying the wrong test. Rule 37(e) concerns sanctions for negligent or intentional failure to preserve ESI, which is "not the right framework for viewing" the predicate question whether to allow inquiry into discovery conduct. *LKQ Corp.*, 345 F.R.D. at 159. Application of Rule 37(e) should come *after* that inquiry, so that "the fruits of that investigation are before the court." *Id.* As the *LKQ* court explained, "when a party initially requests process-related discovery, a party does not yet have the level of information warranting monetary or other sanctions under Rule 37."

In addition, Tanner's conjecture that any deleted ESI would likely be captured

by other custodians' production cannot preclude discovery on discovery. The purpose of the inquiry is, in large part, to determine whether Tanner's failure to produce ESI was negligent or intentional. (Under Rule 37(e), no prejudice is required for the imposition of a sanction for intentional spoliation.) The Court should not accept at face value Tanner's speculation that no unique ESI is missing in any event. In *America West Bank Members*, certain former employees' emails accounts were lost. 2021 WL 5234372, at *3. The court allowed discovery on discovery to proceed, explaining that plaintiff was "not obligated to accept at face value [defendants'] claim that each relevant, lost email was captured in the email accounts of other employees." *Id.*

### B. Tanner's Privilege Objection is Meritless

Tanner argues, as a "separate and independent reason" to preclude a Rule 30(b)(6) deposition, that it can shield its discovery conduct from inquiry under Rule 30(b)(6) because lawyers were involved. *See* ECF No. 184, at 13. This is incorrect. Tanner does not cite any case for the proposition that inquiry into discovery conduct at a Rule 30(b)(6) deposition is improper when lawyers were involved in the conduct if there is sufficient basis to question the completeness of the party's production. Instead, Tanner cites cases for the generic proposition that aspects of the discovery process are work product and may also be privileged. *See In re Exxon Corp.*, 208 S.W.3d 70, 71 (Tex. App. 2006) (noting the requesting party "produced no concrete evidence of discovery abuse in this case and failed to justify an investigation into [opposing party's] discovery compliance" and finding, under Texas rules, discovery conduct implicate work product); *Bombardier Recreational Prod., Inc. v. Arctic Cat, Inc.*, No. 12-cv-2706, 2014 WL 10714011, at *14–15 (D. Minn. Dec. 5, 2014) (work

9

product); *F.D.I.C. v. Johnson*, No. 2:12-cv-00209, 2013 WL 1195698, at *3 (D. Nev. Mar. 22, 2013) (work product); *Shenwick v. Twitter, Inc.*, No. 16-cv-05314, 2018 WL 833085, at *4 (N.D. Cal. Feb. 7, 2018) (attorney-client communication). The cases are not uniform on this question, but even if these protections ordinarily cover the discovery process, work product is a conditional privilege, and where a party defends alleged misconduct by asserting that it relied on the advice of its counsel, the assertion waives the attorney-client privilege.

Thus, contrary to Tanner's theory that the discovery process enjoys absolute protection, courts consistently find that where there is a reasonable doubt about the party's compliance with its discovery obligations, the applicable protections are overcome for materials that might ordinarily be protected from disclosure—like litigation hold notices and attorney-client communications regarding a party's preservation efforts. *See Major Tours, Inc. v. Colorel*, No. Civ. 05-3091, 2009 WL 2413631, at *2 (D.N.J. Aug. 4, 2009) ("Although in general hold letters are privileged, the prevailing view … is that when spoliation occurs the letters are discoverable."); *Whitesell Corp. v. Electrolux Home Prod., Inc.*, No. CV 103-050, 2016 WL 1317673, at *3 (S.D. Ga. Mar. 31, 2016) ("[A] potential spoliator cannot stand behind a privilege to protect documents relevant to the issue of spoliation."); *City of Colton v. Am. Promotional Events, Inc.*, No. CV0906630PSGSSX, 2011 WL 13223880, at *2 (C.D. Cal. Nov. 22, 2011) ("Even if particular litigation hold communications are privileged, the court has an inherent power to order their production in connection with a spoliation claim."); *DR Distributors, LLC*, 513 F. Supp. 3d at 869–73 (conducting five-day hearing into defendant's discovery conduct, including

attorney-client communications about document preservation and collection and attorney conduct); *Keir v. Unumprovident Corp.*, No. 02-cv-8781, 2003 WL 21997747 at *6, 11 (S.D.N.Y. Aug. 22, 2003) (conducting hearing and allowing detailed analysis of emails pertaining to defendant's preservation efforts after finding that electronic records which had been ordered preserved had been erased); *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 425 nn.15-16 (S.D.N.Y. 2004) (disclosing the details of counsel's litigation hold communication after discovering that at least one e-mail had never been produced). FSMS has made a sufficient showing of potential spoliation to overcome Tanner's assertions of privilege over the litigation hold and communications about its efforts to preserve and collect ESI. *See, e.g.*, *Whitesell Corp.*, 2016 WL 1317673, at *2 (overruling privilege objections and finding plaintiff made a sufficient showing of spoliation to warrant production of "purge lists, litigation hold letters, and internal communications about data collection" and a Rule 30(b)(6) deposition testimony on "the process of preserving, collecting and producing documents" and custodians' "preservation practices"); *Cache La Poudre Feeds, LLC*, 244 F.R.D. at 619 (ordering a Rule 30(b)(6) deposition to explore procedures used to preserve documents after finding defendants expunged hard drives of employees after litigation had begun).

**C. The Volume Of Tanner's Production Is Immaterial**

Tanner makes much of the volume of its production. But courts have repeatedly rejected attempts to avoid discovery on discovery by arguing that the amount of documents produced *ipso facto* means that the production is sufficient. *See, e.g.*, *DR Distributors, LLC*, 513 F. Supp. 3d at 901; *Metro. Opera Ass'n*, 212 F.R.D. at

11

223 (rejecting "[d]efendants' brazen assertion that looking at 'comprehensive productions … there was no reason for any of [defendants'] counsel to question the completeness of the production'"); *Qualcomm Inc. v. Broadcom Corp.*, No. 05-cv-1958-B, 2008 WL 66932, at *9 (S.D. Cal. Jan. 7, 2008) ("Producing 1.2 million pages of marginally relevant documents while hiding 46,000 critically important ones does not constitute good faith and does not satisfy either the client's or attorney's discovery obligations."), *vacated in part on other grounds*, 2008 WL 638108 (S.D. Cal. Mar. 5, 2008).

## CONCLUSION

For the foregoing reasons, the Court should deny Tanner's motion for a protective order.

This the 12th day of September, 2024.

/s/ Kent A. Yalowitz
Kent A. Yalowitz (admitted *pro hac vice*)
N.Y. State Bar No. 2188944
Carmela T. Romeo (admitted *pro hac vice*)
N.Y. State Bar No. 5058151
**ARNOLD & PORTER
 KAYE SCHOLER LLP**
250 W 55th Street
New York, NY 10019
212-836-8000
kent.yalowitz@arnoldporter.com
carmela.romeo@arnoldporter.com

 – and –

Eliseo R. Puig (admitted *pro hac vice*)
Colorado State Bar No. 49022
**ARNOLD & PORTER
 KAYE SCHOLER LLP**
1144 Fifteenth Street, Suite 3100
Denver, CO 80202
303-863-1000
eliseo.puig@arnoldporter.com

/s/ Lex M. Erwin
Lex M. Erwin
N.C. State Bar No. 34619
David A. Luzum
N.C. State Bar No. 41398
Kevin Y. Zhao
N.C. State Bar No. 53680
**MAYNARD NEXSEN PC**
227 W. Trade Street, Suite 1550
Charlotte, NC 28202
Telephone: (704) 339-0304
Facsimile: (704) 338-5377
lerwin@maynardnexsen.com
dluzum@maynardnexsen.com
kzhao@maynardnexsen.com

*Counsel for Plaintiff*

13

# CERTIFICATION

Pursuant to the Court's June 18 2024 Standing Order regarding Use of Artificial Intelligence, the undersigned certifies that:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line research sources WestLaw, Lexis, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

*/s/ Lex M. Erwin*
Lex M. Erwin
