# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| FS MEDICAL SUPPLIES, LLC,<br><br>    Plaintiff,<br>v.<br><br>TANNERGAP, INC. *et al.*<br><br>    Defendants. | Civil Action Nos.<br>3:21-CV-501-RJC-WCM<br>3:23-CV-598-RJC-WCM |

## DECLARATION OF TIM KIEFER

I, Tim Kiefer, declare as follows:

1. I am over the age of 21 years and under no legal disability that would prevent me from giving this declaration.

2. I am a Forensics Manager at Innovative Driven (ID), where I provide services to law firms and other clients in the field of data collection and forensic analysis in connection with litigation and other projects.

3. In 2013, I received a Bachelor's Degree, summa cum laude, in Cybersecurity and Information Assurance with a concentration in Cybercrime Investigations and Forensics from Utica College. I am a Certified eDiscovery Specialist recognized by Nuix (a leading provider of investigative and analytic software) and Certified Computer Examiner (CCE) recognized by the International Society of Forensic Computer Examiners (ISFCE).

4. I have been employed in the field of gathering, processing, and analyzing digital evidence since 2013, and I have been with Innovative Driven since 2019. My digital evidence collection experience includes both on-site and remote collections involving systems including servers, desktops, laptops, and personal mobile phones.

5. Where collections from mobile phones are concerned, the ordinary workflow is to create a full forensic extraction of the device, filter the extraction post-collection, and export specific data for processing. The collection process involves connecting the device to a computer with specific forensic software installed. Whether performed remotely by shipping the necessary equipment to the phone owner or on-site, the software is used to create an extraction of the device. The extraction is written to encrypted external media and then transferred to a central location (like a forensic lab) for further processing.

6. During the course of my career, I have encountered custodians who are reluctant to allow their mobile phones to be forensically imaged using the ordinary procedure described above based on privacy concerns. These custodians are typically worried that irrelevant communications and data of a personal nature will be viewed or disclosed to others, or that the forensic image of their entire device might be exposed in a data breach. ID and similar forensic firms have specially tailored workflows to address these concerns.

7. Under one such workflow, the forensic firm sends a technician to collect data directly from and in the presence of the custodian. A computer that is not connected to the Internet is connected to the mobile device. A forensic image is extracted from the device and written directly to an encrypted external hard drive. Then, a computerized "filter" (or search) of the forensic extraction is conducted using parameters provided to the technician by counsel. For messaging applications like iMessage and WhatsApp, these search parameters can include the sender or recipient of a message and a defined time period. For example, the forensic extraction could be searched for all text messages to or from a particular work colleague from a particular period of time.

2

Case 3:21-cv-00501-RJC-WCM    Document 199-2    Filed 10/09/24    Page 2 of 3

8. After the filter is run, the records returned by the search (and only those records) are exported to a report file on a secondary encrypted hard drive. At no point during the extraction or filtering processes is the data transmitted elsewhere via the Internet – it remains on the encrypted media to which it is written.

9. Upon completion of the extraction and filtering, both hard drives are disconnected from the collection equipment and locked. The secondary hard drive with the targeted data set is transferred to the vendor for processing. The primary hard drive with the full extraction is either given to the custodian or permanently deleted in the custodian's presence (as the custodian prefers).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 3, 2024, in Rochester, New York.

_____
Tim Kiefer