EXHIBIT C

# Arnold & Porter

Eliseo Puig
+1 303.863.2360 Direct
Eliseo.Puig@arnoldporter.com

October 4, 2024

**BY EMAIL**

Mark E. Anderson
McGuire Woods
501 Fayetteville St.
Suite 500
Raleigh, NC 27601

Bradley R. Kutrow
Brian A. Kahn
Anita M. Foss
McGuire Woods
201 North Tryon Street
Suite 3000
Charlotte, NC 28202

Re: *FS Medical Supplies, LLC v. TannerGAP, Inc., et al.,* No. 21-cv-0501 (W.D.N.C.).

Dear Counsel:

I write to request that Defendants reconsider their refusal to properly collect and search ESI from Jonathan Bracey's mobile phone.

As you know, we questioned Mr. Bracey during his deposition about his willingness to submit his phone for forensic imaging. Notwithstanding Defendants' contrary representations in their response to our motion to compel, Mr. Bracey made clear he does not object to the collection of work-related text messages from the device:

> Q. If your counsel could ensure that no materials on your phone that are unrelated to your work at Tanner are provided to us in discovery, is that something that you would object to?

Mark E. Anderson
Bradley R. Kutrow
Brian A. Kahn
Anita M. Foss
October 4, 2024
Page 2

> A. If everything was just related to the emails and WhatsApp and text messages on -- between me and Tanner, then that's fine. You can look at them now, if you want.
>
> Q. So you would not have any problem if your counsel electronically collected text messages and emails from your device, provided that they committed not to turn over to us any records that they'd collected that are unrelated to your work at Tanner?
>
> A. Yeah.

It is difficult to understand why Defendants have resisted a proper collection of ESI from Mr. Bracey's phone, especially in light of Mr. Bracey's recent testimony. In addition to being a clear violation of the parties' ESI protocol, the refusal to properly collect and search ESI from Mr. Bracey's device has required us to spend dozens of hours and many thousands of dollars attempting to bring Defendants into compliance with their discovery obligations. It also has burdened the Court with motions practice that could have been avoided had Defendants lived up to their commitments.

Despite our disappointment, we are committed to working cooperatively to resolve this issue. Following Mr. Bracey's deposition, we again consulted with our e-discovery vendor. As set forth in the enclosed declaration—and as we have explained to you before—it is possible to collect text messages between Mr. Bracey and his Tanner colleagues without exposing personal communications or data unrelated to his work. The procedure involves using a computer to write a forensic image of Mr. Bracey's phone to an encrypted external drive, filtering and isolating communications with Mr. Bracey's Tanner colleagues at the point of collection, and permanently destroying the complete forensic extraction at the end of the process. Doing so would ensure—as Mr. Bracey desires—that any data extracted by the vendor and ultimately produced would be limited to messages related to his work at Tanner.

We hope and expect this declaration will resolve the dispute. Please let us know by October 8, 2024 whether Defendants will agree to collect and search the Bracey ESI as required by the ESI protocol.

# Arnold & Porter

Mark E. Anderson
Bradley R. Kutrow
Brian A. Kahn
Anita M. Foss
October 4, 2024
Page 3

                                            Best regards,

                                            Eliseo Puig

Cc: Counsel of record