# Exhibit A

# McGuireWoods

McGuireWoods LLP  
201 North Tryon Street  
Suite 3000  
Charlotte, NC 28202-2146  
Phone: 704.343.2000  
Fax: 704.343.2300  
www.mcguirewoods.com

Anita M. Foss  
Direct: 704.343.2338  
afoss@mcguirewoods.com

October 8, 2024

**By Electronic Mail**  
Eliseo Puig  
Arnold & Porter Kay Scholer LLP  
1144 Fifteenth Street Suite 3100  
Denver, CO 80202-2848  
eliseo.puig@arnoldporter.com

RE: *FS Medical Supplies, LLC v. TannerGap Inc. et al.*; 3:21-cv-00501-RJC-WCM  
*FS Medical Supplies, LLC v. Tanner Pharma UK Limited et al.*; 3:23-cv-00598-RJC-WCM

Dear Eliseo:

This letter responds to your October 4, 2024 correspondence regarding a forensic collection of Mr. Bracey's cell phone. Mr. Bracey's position remains consistent: he will not permit the removal of irrelevant personal data from his phone, even if that data ultimately is not transmitted to FSMS.

Your letter fails to reference Mr. Bracey's deposition testimony that states his position clearly:

> Q. And if, in order to do that, to make the distinction between emails and text messages that are related to your work at Tanner and those that are not, your device had to be hooked up to a computer to assist that process, is that something that you would object to?
>
> A. Well, it depends what the computer was going to do with everything else on my phone. ***If it stays on my phone and doesn't go anywhere, then that's fine***. *But if everything on my phone ends up on a computer, then that's not fine*.

Tr. 324:20 – 325: 5 (emphasis added).

Mr. Kiefer's declaration confirms that the information sought **would not** stay on the phone. Under his proposed collection method: " [a] forensic image is extracted from the device and written directly to an encrypted external hard drive." Declaration of Tim Kiefer ¶ 7.

Atlanta | Austin | Baltimore | Charlotte | Charlottesville | Chicago | Dallas | Houston | Jacksonville | London | Los Angeles - Century City  
Los Angeles - Downtown | New York | Norfolk | Pittsburgh | Raleigh | Richmond | San Francisco | Tysons | Washington, D.C.

Further, we have confirmed with Mr. Bracey that the specific process identified in your letter and set forth in Mr. Kiefer's declaration does not assuage his concerns, and he continues to object to a forensic image of his device.

Finally, to address a separate point in your letter, we have not resisted a proper collection of responsive ESI. As set forth in the pending motions, we have properly collected Mr. Bracey's ESI in the only way possible, given Mr. Bracey's privacy interests. Further, your allegation that you have spent dozens of hours and thousands of dollars "attempting to bring Defendants in compliance," is dubious, given that when you raised concerns about identification of Mr. Bracey's messages, we provided fields allowing you to sort the text messages by recipient and in date order.

McGuireWoods LLP

Anita M. Foss

cc:     Counsel of Record