UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| FS MEDICAL SUPPLIES, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>TANNERGAP, INC., *et al.*<br><br>    Defendants. | Civil Action No. 3:21-CV-00501 |

**REPLY IN SUPPORT OF EMERGENCY MOTION
FOR EXPEDITED BRIEFING AND HEARING ON MOTION
FOR PROTECTIVE ORDER AND TO SET A CONFERENCE**

It is unfortunate that the very capable lawyers on both sides of this case are having trouble agreeing on a scheduling matter. But the fact is, there is no reason why the deposition of Charles Roach must take place on November 6—other than the desire of Tanner's counsel to take the deposition before Tanner has to explain to the Court its basis for going forward. Notably, FSMS has proposed postponing Mr. Roach's deposition until the Court has had an opportunity to resolve the pending motion for a protective order under the normal case briefing schedule. It is Tanner's insistence that that deposition move forward that necessitates an expedited briefing schedule and hearing for that motion.

Tanner offers one and only one reason for plowing ahead in the face of the pending motion for a protective order: its conclusory assertion that the motion is meritless. Tanner says that the deposition of FSMS's website developer is relevant to "the claims and defenses as currently pled." ECF 205 at 2-3. But its *basis* for this statement is not discussed in the opposition.

Tanner's letter of October 21, 2024 (ECF 202-8) contends that Tanner has pled "unclean hands," and that Tanner's misrepresentation theory is relevant to that defense. That theory is incorrect, for the two reasons explained in FSMS's motion for a protective order. *First*, Tanner's Answer pled the "unclean hands" doctrine in an extremely limited and focused way, asserting that

unclean hands applies because "FSMS accepted profit split payments from TPUK and was aware how TPUK calculated the profit split at the time that FSMS accepted them, failed to object, and did not terminate the contract, ratifying [Tanner's] interpretation." ECF 202 at 14 (quoting ECF 120 at 50). Because fraud-based defenses, including unclean hands, must be pled with particularity under the strict standards of Rule 9(b), Tanner's "unclean hands" defenses, as pled, cannot fairly be interpreted to include Tanner's new theory that FSMS allegedly misrepresented its capabilities. *See* ECF 202 at 14-16 (citing *Bakery & Confectionary Union & Indus. Int'l Pension Fund v. Just Born II, Inc.*, 888 F.3d 696, 700 (4th Cir. 2018).

Tanner also asserts that its "prior material breach" defense warrants a freewheeling inquiry into FSMS's website, brochures, marketing materials, sales staff, relationships with manufacturers, licenses, patents, resources, capabilities, use or non-use of middlemen, assets, bank accounts, finances, funding, email systems, distributions to its principals, and litigation accruals. But given the admissions of Tanner's Rule 30(b)(6) witness, it is clear that the allegations of prior material breach are focused on (1) missing a phone call; and (2) not having a "deep, direct relationship with the CEO of Orient Gene." ECF 202 at 16-17 (discussing ECF 202-10).

*Second*, Tanner's course of conduct during discovery—and before proposing to amend its counterclaims and defenses—is sharply inconsistent with its position that the misrepresentation theory is already in the case. The first time Tanner even *mentioned* unclean hands as a basis for discovery was in the October 17, 2024 meet and confer, more than a year into discovery. Indeed, in the period March to July 2024, Tanner repeatedly acquiesced to FSMS's objection that the misrepresentation theory was not relevant to any claim or defense in the case. *See* ECF 202 at 17-18 (discussing ECF 202-11 to ECF 202-16). Instead of seeking the court's guidance or pointing to its unclean hands or prior material breach defenses, Tanner sought leave to amend its counterclaims and answer. *See* ECF 202 at 18. That speaks volumes about Tanner's true understanding of what claims and defenses are currently in the case.

Tanner should not be allowed to avoid explaining the basis for its position while plowing ahead with a deposition that is not relevant to any claim or defense and is not proportional to the

needs of the case. FSMS simply asks the Court to require Tanner to explain itself promptly, and in advance of a deposition date that Tanner insists on holding.

        This the 28th day of October, 2024

| | |
|---|---|
| /s/ Kent A. Yalowitz | /s/ Lex M. Erwin |
| Kent A. Yalowitz | Lex M. Erwin |
|   N.Y. State Bar No. 2188944 | N.C. State Bar No. 34619 |
|   (*admitted pro hac vice*) | David A. Luzum |
| Carmela T. Romeo | N.C. State Bar No. 41398 |
|   N.Y. State Bar No. 5058151 | Kevin Y. Zhao |
|   (*admitted pro hac vice*) | N.C. State Bar No. 53680 |
| Arnold & Porter Kaye Scholer LLP | Maynard Nexsen PC |
| 250 W. 55th Street | 227 W. Trade Street, Suite 2300 |
| New York, NY 10019 | Charlotte, NC 28202 |
| Telephone: 212-836-8000 | Telephone: (704) 339-0304 |
| kent.yalowitz@arnoldporter.com | lerwin@maynardnexsen.com |
| carmela.romeo@arnoldporter.com | dluzum@maynardnexsen.com |
| | kzhao@maynardnexsen.com |
| Eliseo R. Puig | |
|   Colo. Bar No. 49022 | *Counsel for Plaintiff* |
|   (*admitted pro hac vice*) | |
| Arnold & Porter Kaye Scholer LLP | |
| 1144 15th Street, Suite 3100 | |
| Denver, CO 80202 | |
| (303) 863-1000 | |
| eliseo.puig@arnoldporter.com | |
| | |
| *Counsel for Plaintiff* | |