IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| FS MEDICAL SUPPLIES, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>TANNERGAP, INC. AND TANNER PHARMA UK LIMITED,<br><br>    Defendants;<br><br>and<br><br>FS MEDICAL SUPPLIES, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>TANNER PHARMA UK LIMITED; RAYMOND FAIRBANKS BOURNE; MARY EVERETT BOURNE,<br><br>    Defendants. | Case No. 3:21-cv-501-RJC-WCM<br>Case No. 3:23-cv-598-RJC-WCM |

**MEMORANDUM IN SUPPORT OF TANNER PHARMA UK LIMITED'S AND TANNERGAP, INC.'S MOTION TO FILE EXHIBITS UNDER SEAL**

Under Rule 5.2(d) of the Federal Rules of Civil Procedure and Local Rule 6.1, Defendants TannerGAP, Inc. ("TannerGAP") and Tanner Pharma UK Limited ("TPUK," and, together with TannerGAP, the "Tanner Defendants") submit this Memorandum in Support of their Motion to File Exhibits Under Seal.

## BACKGROUND

On October 23, 2024, Plaintiff FS Medical Supplies, LLC ("FSMS") filed a Motion for Protective Order Concerning Depositions. Dkt. 201. The Tanner Defendants' response to FSMS's motion is due November 6, 2024. In support of their response, the Tanner Defendants intend to file four exhibits that contain information designated as Confidential and/or Confidential – Attorneys' Eyes Only under the Protective Order entered in this case. Dkt. 25. In order to submit this information in support of their Response in Opposition to FSMS's Motion for Protective Order, the Tanner Defendants seek an order allowing them to file the specified documents containing confidential information under seal.

## ARGUMENT

### I. Legal Standard

"The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)). Courts within the Fourth Circuit consistently hold that redaction of confidential business information is appropriate when, as here, public disclosure could "harm the parties' business interests." *SMD Software, Inc. v. EMove, Inc.*, No. 5:08-CV-403-FL, 2013 WL 1091054, at *2 (E.D.N.C. Mar. 15, 2013) (maintaining seal on "confidential financial and business information which, if made public, could harm the parties' business interests," and this "risk outweighs the public's right to access these documents"); *see also Jones v. Lowe's Companies, Inc.*, 402 F. Supp. 3d 266, 291 (W.D.N.C. 2019) (Bell, J.), *aff'd*, 845 F. App'x 205 (4th Cir. 2021) (citing *EMove* and maintaining seal of confidential business information to prevent public disclosure).

In determining whether it is appropriate to order the sealing of documents, the court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

In addition, Local Civil Rule 6.1(c) requires a motion to seal or supporting brief to set forth the following:

> (1) a non-confidential description of the material sought to be sealed;
> (2) a statement as to why sealing is necessary and why there are no alternatives to filing under seal;
> (3) unless permanent sealing is sought, a statement as to the period of time the party seeks to have the material maintained under seal and as to how the matter is to be handled upon unsealing; and
> (4) supporting statutes, case law or other authority.

L.Civ.R. 6.1(c).

## II. The Materials Sought to be Sealed

The Tanner Defendants seek to file certain documents under seal as exhibits in support of their Response in Opposition to FSMS's Motion for Protective Order Concerning Depositions. The documents and a description for each is as follows:

- Exhibit B, Excerpts from the Deposition of Laird Cagan, October 29, 2024.
    - Designated as CONFIDENTIAL under the Parties' Protective Order pending specific confidentiality designations by FSMS.
- Exhibit E, Excerpt from the Expert Report of Barry K. Lynn dated September 11, 2024.
    - Designated as CONFIDENTIAL under the Parties' Protective Order.

3

- Exhibit D, Excerpts from the Expert Report of Aaron Dolgoff dated September 11, 2024.
  - Designated as CONFIDENTIAL – Attorneys Eyes Only under the Parties' Protective Order.
- Exhibit O, Excerpts from the Expert Deposition of Jim Mao, October 30, 2024.
  - Designated as CONFIDENTIAL under the Parties' Protective Order pending specific confidentiality designations by FSMS.

### III. The *Ashcraft* Considerations

Public notice of this motion to seal satisfies the first *Ashcraft* consideration. LCvR 6.1(e) ("Notice is deemed reasonable where a motion is filed in accordance with LCvR 6.1(c)."). With respect to the second *Ashcraft* factor, there are no less drastic alternatives because the documents in their entirety contain sensitive and confidential business information and as such have been designated as Confidential under the Parties' Protective Order.[1] Redacting the entirety of the documents would be a pointless endeavor. *See Kinetic Concepts, Inc. v. Convatec, Inc.*, 2010 U.S. Dist. LEXIS 32940, at *40 n.15 (M.D.N.C. Apr. 2, 2010) (in considering alternatives to sealing, the court noted that while some documents can be redacted, "the pervasive nature of the sensitive information throughout the documents at issue makes redaction pointless"). Finally, the third *Ashcraft* factor is satisfied because the confidential business information contained in the exhibits in support of Defendants' Response in Opposition to FSMS's Motion for Protective Order Concerning Depositions could cause harm should the information be disclosed at this stage of the

---

[1] The draft transcripts for the deposition of Laird Cagan and the expert deposition of Jim Mao are entirely confidential under the Protective Order "until the time within which portions of the testimony may be appropriately designated as provided for herein has passed," which is 30 days after the deposition transcript has been finalized. Dkt. 25 at Section 7.c. Because those depositions occurred on October 29 and 31, respectively, the transcripts have not been finalized and the witnesses have not made confidentiality designations yet.

litigation, including to third parties whose confidential business information appears in the Expert Report of Aaron Dolgoff. Thus, because disclosure of the confidential information contained or described in the documents could cause business harm to the Parties and third parties, the third *Ashcraft* consideration is satisfied.

## CONCLUSION

WHEREFORE, Defendants respectfully request that the Court grant this Motion and enter an Order allowing Defendants to file under seal a copy of the above-referenced exhibits in support of its forthcoming Response in Opposition to FSMS's Motion for Protective Order Concerning Depositions.

This the 6th day of November, 2024.

                                              McGuireWoods LLP

By:   */s/ Bradley R. Kutrow*
Bradley R. Kutrow
N.C. State Bar No. 13851
Brian A. Kahn
N.C. State Bar No. 29291
Anita Foss
N.C. State Bar No. 47743
Jessica O'Brien Peretz (formerly Jessica L. O'Brien
N.C. State Bar No. 56679
Kelly A. Warlich
N.C. State Bar No. 51053
201 North Tryon Street, Suite 3000
Charlotte, NC 28202-2146
Telephone: (704) 343-2049
Facsimile: (704) 343-2300
bkutrow@mcguirewoods.com
bkahn@mcguirewoods.com
afoss@mcguirewoods.com
jperetz@mcguirewoods.com
kwarlich@mcguirewoods.com

Mark E. Anderson
N.C. State Bar No. 15764

501 Fayetteville Street, Suite 500
Raleigh, NC 27601
Telephone: (919) 755 -6678
Facsimile: (919) 755-6699
manderson@mcguirewoods.com


Anne Doherty
N.C. State Bar No. 55494
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Telephone: (804) 775-7633
Facsimile: (804) 775-1061
adoherty@mcguirewoods.com

*Attorneys for Defendants TannerGAP, Inc.
and Tanner Pharma UK Limited*

## **CERTIFICATION**

Pursuant to this Court's June 18, 2024 Order regarding the use of artificial intelligence, the undersigned states that:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources such as Westlaw, Lexis, FastCase, and Bloomberg; and

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 6th day of November, 2024.

/s/ Bradley R. Kutrow
Bradley R. Kutrow
N.C. State Bar No. 13851
McGuireWoods LLP

*Counsel for Defendants TannerGAP, Inc. and Tanner Pharma UK, Ltd.*