IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:21-cv-00501-RJC-WCM
Civil Action No. 3:23-cv-00598-RJC-WCM

| | |
|---|---|
| FS MEDICAL SUPPLIES, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>TANNERGAP, INC. AND TANNER PHARMA UK LIMITED<br><br>    Defendants;<br><br>and<br><br>FS MEDICAL SUPPLIES, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>TANNER PHARMA UK LIMITED; RAYMOND FAIRBANKS BOURNE; MARY EVERETT BOURNE,<br><br>    Defendants. | **DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO MODIFY DISCOVERY COMPLETION DATE TO PERMIT DEPOSITIONS AFTER DECEMBER 6, 2024** |

## BACKGROUND

Defendants have moved this Court to modify the discovery schedule and permit a limited number of depositions to be taken after December 6, 2024, which is the current discovery cut-off date. Defendants do not request that the Court alter the schedule for briefing summary judgment motions, for trial, or for any other purpose. Defendants request the modification to the Discovery Schedule because it has proven

to be infeasible to complete expert and lay witness deposition discovery by December 6, 2024.

The parties have discussed and conferred about scheduling fact and expert depositions extensively through telephone calls, video conferences, in-person conversations during and after depositions, and over the course of at least 75 emails. Although Defendants have attempted in good faith to reach agreement with Plaintiff, Plaintiff's position with respect to the deposition discovery at issue has changed repeatedly, with new issues being removed from and added to the negotiating table as late as yesterday evening. As a result, although Plaintiff has previously agreed to conduct at least some depositions after December 6, Defendants have not been able to reach an agreement with the Plaintiffs that will allow a stipulation to be presented to the Court.

Deposition discovery cannot be conducted after December 6 absent Court permission. Accordingly, Defendants are submitting this motion so the Court can address the discovery schedule at the hearing on November 20, 2024. Defendants will continue to attempt to reach agreement with Plaintiffs as to depositions to be conducted after December 6.

## POSITIONS OF THE PARTIES

The emails exchanged by counsel for the parties attached as exhibits reflect the current positions of the parties and the various positions Plaintiff has taken with respect to conducting depositions after December 6. Because Plaintiff's position has shifted repeatedly, the parties have reached an impasse on the following open issues,

even though at various times in the past few weeks Plaintiff has agreed (or appeared to agree) to the necessary adjustments to the schedule:

First, one of Defendants' experts, Steadman (an English accountant), is unavailable until December 11 because of medical appointments and prior commitments. On October 22, Plaintiff indicated that it was "prepared to make a limited carve-out from the discovery cutoff for the limited purposes of taking . . . two [expert] depositions . . . in Charlotte at RBH." Ex. A at 18. And on October 25, Plaintiff agreed that at least one of its expert witnesses could be deposed the week after the December 6 cutoff date. Ex. B at 10. Plaintiff then withdrew its consent to conduct limited expert depositions after the discovery completion date, reneging on its prior commitment only after Defendants would not agree to further postpone a fact witness deposition—a deposition that had already been rescheduled twice, once to accommodate Plaintiff's counsel's vacation. *See* Ex. D at 1, 3. Most recently, yesterday evening, Plaintiff identified holding the Steadman deposition after December 6 as an "open issue," in an email received at 5:59 p.m. Ex. A at 2-3.

Second, numerous fact witness depositions have been suspended and delayed by the Plaintiff's Motion for Protective Order and instructions to witnesses not to answer questions, as explained below. On November 5, Plaintiff said it "will agree to a limited carve-out from the December 6 discovery cutoff to complete discovery required by the Court based on pending motions," which are scheduled to be heard on November 20. Ex. C at 5. In subsequent emails, Plaintiff did not reference this commitment. In the email at 6:01 pm last night, Plaintiff offered only a "limited carve-

3

out" for the deposition of Steadman, with no other depositions being conducted after December 6.

As is confirmed by the email correspondence attached hereto, Plaintiff's repeated changes of position have led to an impasse that is not the norm in practice in the Western District of North Carolina. Accordingly, Defendants filed the instant Motion to inform the Court of the current status of deposition discovery so the Court can intervene, as necessary, to permit discovery to be completed in a reasonable and orderly fashion.

## ARGUMENT

A limited extension to permit depositions to be conducted after December 6, 2024, is necessary and appropriate because a confluence of factors beyond Defendants' control have compressed the deposition schedule.

A. <u>Expert Depositions</u>

First, Plaintiff has deviated from the expert discovery schedule set forth in the Pretrial Order. The Pretrial Order required Plaintiff to identify experts and provide expert reports on September 11, 2024, with Defendants identifying experts and providing expert reports on October 11, 2024. The Pretrial Order did not and does not contemplate or permit rebuttal expert reports. *Id.* Nevertheless, as reflected in the extensive email correspondence between and among the parties attached hereto, Plaintiff believes it can submit rebuttal expert reports and has stated its intention to do so on November 12, 2024. At that time, Plaintiff has indicated that it will be submitting reports from two "new" experts who were not identified previously and

who did not provide reports on September 11, 2024. It is not clear to Defendants whether Plaintiffs also intend to submit reports from the experts they identified on September 11, 2024.

Defendants dispute Plaintiff's right to submit rebuttal reports or identify new experts on November 12 – because the Pretrial Order does not permit either the reports or the new experts. Setting aside that dispute for later resolution by the Court, however, it is quite clear that the schedule set forth in the Pretrial Order does not contemplate or account for such late disclosures of new expert testimony. After the Plaintiffs announced their intention to have rebuttal reports, Defendants recognized that deposing experts before all of the reports were served could result in multiple depositions of the same expert. Accordingly, Defendants decided to defer depositions of Plaintiff's experts until they received all reports and had an opportunity to evaluate them.

On September 11, Plaintiff served reports from three experts[1] on at least four distinct topics. The new and purported rebuttal expert reports to be provided on November 12th have compressed the deposition schedule significantly. Compounding the scheduling impacts, Plaintiff has declined to identify the experts who are newly retained or provide a meaningful preview of the topics to be addressed in the "rebuttal" reports that apparently will be served on November 12, 2024.

---

[1] The parties agreed that Defendants' expert on English law need not be deposed unless and until the Court requires his testimony at a trial, which is unlikely because the role of an expert on foreign law is to inform the Court, not the jury.

The Pretrial Order sets a discovery cutoff of December 6, 2024, and squeezing the depositions of five experts into the 23-day period (21 days if Thanksgiving and the day after are excluded) between November 12 and December 6 has proven to be infeasible. In an effort to minimize any needed modification to the schedule, the Defendants and Plaintiff appear to have agreed on expert depositions as follows:

| | |
|---|---|
| November 14 | Scalzo, Defense Supply Chain Expert (Charlotte) |
| November 21 | Mimms, Defense Solvency and Tax Expert (Charlotte) |
| November 26 | Unidentified Plaintiff's Expert #1 (Delaware) |
| December 3 | Goldman, Plaintiff's Tax Expert (NYC) |
| December 4 | Lynn, Plaintiff's Supply Chain Expert (NYC) |
| December 5 | Dolgoff, Plaintiff's Solvency and Damages Expert (NYC) |
| December 6 | Unidentified Plaintiff's Expert #2 (NYC) |
| December 6 | Davis, Defendants' Damages Expert, (Charlotte or Richmond) |

Even with this compressed schedule, the parties simply cannot "fit" the Steadman expert deposition into the line-up before December 6 based on other commitments of counsel and of the experts.

Mr. Steadman lives in England and has both pre-existing professional conflicts and important personal medical appointments through December 6. Defendants have agreed to fly Mr. Steadman from London to Charlotte for his deposition to ease the travel and time burdens for counsel. As noted above, Plaintiff initially agreed to conduct Mr. Steadman's deposition on December 11 or 12 (past the current deadline), but has now recharacterized that as an "open issue." *See* Ex. A. Defendants respectfully ask that the Court require Plaintiff to honor its commitment and depose Mr. Steadman on December 11 or 12 (or later that week, if that is their preference) in Charlotte.

Modifying the schedule to permit the deposition of Steadman after December 6 will not prejudice Plaintiff or otherwise alter the rest of the schedule. It is inappropriate for Plaintiff to decline this modest adjustment to the schedule, in an effort to leverage concessions with respect to the depositions of its principals and former contractors.

B. <u>Depositions of Plaintiff's Principals and Former Contractors</u>

The discovery period should also be extended for second, independent reason. Defendants need to complete fact (including Rule 30(b)(6) depositions of the Plaintiff's principals (one of whom has been deemed an expert by Plaintiff's counsel) and former contractors, who appeared on Plaintiff's website as associates or employees. As this Court is aware, Plaintiff has moved for a Protective Order to bar the depositions of the three contractors who worked for Plaintiff. *FSMS I*, ECF Nos. 201 & 202. Defendants strongly object to that motion and respectfully submit that those depositions are essential, appropriate, and should be permitted. *FSMS I*, ECF No. 207 & 211. It appears inevitable that the depositions of these three witnesses will need to be conducted after December 6, 2024, given the expert depositions slated for the next few weeks and the November 20, 2024 hearing date.

Further, the depositions of Plaintiffs' two principals, Cagan and Mao, are not complete. It appears that Mao, and possibly Cagan, must resume and be completed after December 6. In direct disregard of long-standing Fourth Circuit precedent, *see Ralston Purina v. McFarland*, 550 F.2d 967, 973 (4th Cir. 1977), Plaintiff's counsel has repeatedly instructed these witnesses not to answer questions, presenting the

same specious arguments advanced in support of their Motion for Protective Order. *See* Ex. E (Mao Dep. at 53:10-54:19; 109:12-110:20; 167:4-168:21; 209:14-211:2). Plaintiff's counsel also suspended the deposition of Cagan early, stating they would resume the deposition after they received the Court's ruling on Plaintiff's Motion for Protective Order.[2] Because Plaintiff's counsel has improperly blocked Defendants' discovery during these depositions, scheduling the completion of their deposition will further compress the discovery schedule and necessitates depositions being conducted outside the current discovery period.

As set forth above, Plaintiff appeared at one point to concede that there needs to be a "limited carve-out from the December 6 discovery cutoff to complete discovery required by the Court based on pending motions," but has now backed away from that concession. Defendants respectfully suggest that there is no basis for Plaintiff's Motion for Protective Order and instructions not to answer deposition questions, so it will be necessary for depositions of the three contractors and two principals of Plaintiff to be conducted after December 6 as well.

## CONCLUSION

Defendants have worked in good faith in an attempt to avoid filing this motion, conducting numerous telephone calls, video conferences, in-person discussions after depositions, and exchanging countless emails. Despite these extensive efforts, they

---

[2] Plaintiff's counsel has agreed to produce Mr. Cagan on November 25 if the Court provides direction or enters an order denying their Protective Order motion before then. Otherwise, all five depositions will have to be conducted after December 6.

have been unable to reach agreement with the Plaintiff.[3] Defendants respectfully submit that it is in the interest of justice to modify the discovery schedule, as set forth above, to permit depositions to be conducted and completed after December 6, 2024.

This the 8th day of November, 2024.

| MCGUIREWOODS LLP | ROBINSON, BRADSHAW & HINSON, P.A. |
|---|---|
| *s/ Bradley R. Kutrow* | *s/ Robert W. Fuller* |
| Bradley R. Kutrow | Robert W. Fuller |
| N.C. State Bar No. 13851 | N.C. Bar No. 10887 |
| Brian A. Kahn | Amanda P. Nitto |
| N.C. State Bar No. 29291 | N.C. Bar No. 45158 |
| Anita Foss | Emma W. Perry |
| N.C. State Bar No. 47743 | N. C. Bar No. 58848 |
| Jessica O'Brien Peretz | Anna Claire Tucker |
| N.C. State Bar No. 56679 | N.C. Bar No. 59457 |
| Kelly A. Warlich | |
| N.C. State Bar No. 51053 | 101 N. Tryon St., Ste. 1900 |
| 201 North Tryon Street, Suite 3000 | Charlotte, North Carolina 28246 |
| Charlotte, NC 28202-2146 | Telephone: 704.377.2536 |
| Telephone: (704) 343-2049 | Facsimile: 704.378.4000 |
| Facsimile: (704) 343-2300 | |
| bkutrow@mcguirewoods.com | rfuller@robinsonbradshaw.com |
| bkahn@mcguirewoods.com | anitto@robinsonbradshaw.com |
| afoss@mcguirewoods.com | eperry@robinsonbradshaw.com |
| jperetz@mcguirewoods.com | atucker@robinsonbradshaw.com |
| kwarlich@mcguirewoods.com | |
| | *Attorneys for Defendants Raymond* |
| Mark E. Anderson | *Fairbanks Bourne and Mary Everett* |
| N.C. State Bar No. 15764 | *Whitehurst Bourne* |
| 501 Fayetteville Street, Suite 500 | |
| Raleigh, NC 27601 | |
| Telephone: (919) 755 -6678 | |
| Facsimile: (919) 755-6699 | |
| manderson@mcguirewoods.com | |

---

[3] The parties have scheduled a mediation for December 9, 2024, with Ray Owens. If the mediation is successful, of course, there will be no need for the additional depositions.

Anne Doherty
N.C. State Bar No. 55494
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Telephone: (804) 775-7633
Facsimile: (804) 775-1061
adoherty@mcguirewoods.com

*Attorneys for Defendants TannerGAP, Inc. and Tanner Pharma UK Limited*

Artificial Intelligence Certification

Pursuant to the Court's June 18, 2024 Order, 3:24-mc-104, I hereby certify that:

- No artificial intelligence was employed in doing the legal research for the preparation of this document, with the exception of such artificial intelligence embedded in standard on-line legal research sources such as Westlaw, Lexis, FastCase, and Bloomberg; and

- Every statement and every citation to an authority contained in this document has been checked by an attorney at this firm and/or paralegal working at their direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This 8th day of November, 2024.

*s/ Bradley R. Kutrow*
Bradley R. Kutrow

*s/ Robert W. Fuller*
Robert W. Fuller
