IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:23-cv-00598-RJC-WCM
Civil Action No. 3:21-cv-00501-RJC-WCM

| | |
|---|---|
| FS MEDICAL SUPPLIES, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>TANNERGAP, INC. AND TANNER PHARMA<br>UK LIMITED<br><br>    Defendants;<br><br>and<br><br>FS MEDICAL SUPPLIES, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>TANNER PHARMA UK LIMITED;<br>RAYMOND FAIRBANKS BOURNE;<br>and MARY EVERETT WHITEHURST BOURNE,<br><br>    Defendants. | **DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO MODIFY DISCOVERY COMPLETION DATE TO PERMIT DEPOSITIONS AFTER DECEMBER 6, 2024** |

    Plaintiff's brief filed last Friday afternoon focuses in large part on a dispute no longer before the Court, which is the schedule for expert discovery. The parties resolved that dispute. Expert discovery (except for one agreed-upon deposition) will be completed by December 6. If Plaintiff had not moved for a Protective Order and instructed its witnesses not to answer, those depositions would have been completed

before December 6 as well. It is Plaintiff – not Defendants – that has taken actions that require the schedule to be modified. If the Court resolves FSMS's motion for protective order such that the Defendants may proceed with these depositions, the schedule should be modified to allow the Defendants to then conduct the depositions.

**ARGUMENT**

A. **Expert Depositions**

FSMS admits that this point is moot, ECF No. 225 at 1, though it proceeds to brief the issue, ECF No. 225 at 3-4. The Defendants reiterate that the point is moot and that the expert discovery dispute has no bearing on the need for extending discovery to permit the depositions of FSMS's witnesses and former associates to be conducted.

B. **Depositions of Plaintiff's Principals and Former Contractors**

The depositions of FSMS's principals and former contractors have been delayed by FSMS's motions and instructions not to answer. The Defendants cannot take these depositions until FSMS's motion for protective order is resolved. If that resolution allows for depositions, they will need to take place after December 6, as explained in the Defendants' opening brief. ECF No. 220 at 7-8.

**The Hooks, Kennedy, and Roach depositions.** FSMS has moved for a protective order to block the depositions of Hooks, Kennedy, and Roach. ECF No. 201, 202. If the Court finds that the Defendants can take these depositions, it

should also modify the discovery completion date to allow the Defendants to be able to take the depositions.

**The Mao and Cagan depositions.** In Mao's September 10, 2024, deposition and Cagan's October 29, 2024, deposition, counsel for FSMS repeatedly instructed the deponents not to answer for relevance reasons.[1] ECF No. 211, Ex. B, C. Cagan's deposition was suspended after less than three hours, pending resolution of FSMS's motion for protective order, based on those relevance objections.

FSMS has argued that the motion to extend scheduling regarding Cagan is moot because FSMS will produce Cagan for deposition on November 25. ECF No. 225 at 12, 15. However, that deposition date is contingent on the resolution of FSMS's motion for protective order, scheduled for discussion at the November 20 hearing.

If the Court finds that the Defendants can take these depositions, it should also modify the discovery completion date to allow the Defendants to be able to take the depositions.

**The 30(b)(6) deposition.** On October 23, 2024, FSMS wrote that it would refuse to appear for the Rule 30(b)(6) deposition scheduled for October 31. ECF No.

---

[1] These instructions not to answer violated Fourth Circuit practice. *See E.E.O.C. v. Freeman*, 288 F.R.D. 92, 100 (D. Md. 2012) ("Relevance is not a proper basis for instructing a deponent not to answer a question."); *Duke Energy Progress, Inc. v. 3M Co.*, No. 5:08-CV-460-FL, 2014 WL 7182580, at *4 (E.D.N.C. Dec. 16, 2014) ("A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).").

3

211-11. FSMS moved the same day for a protective order based in part on relevance objections to the Rule 30(b)(6) topics. ECF No. 201, 202.

After the Court resolves the topics allowable in the Rule 30(b)(6) deposition, it would be proper to modify the discovery completion date to allow the Defendants to take the Rule 30(b)(6) deposition.

## CONCLUSION

The Defendants respectfully ask that this Court grant the motion to modify the discovery completion date for the limited purpose of permitting additional depositions.

This the 18th day of November, 2024.

| MCGUIREWOODS LLP | ROBINSON, BRADSHAW & HINSON, P.A. |
|---|---|
| *s/ Bradley R. Kutrow* | *s/ Robert W. Fuller* |
| Bradley R. Kutrow | Robert W. Fuller |
| N.C. State Bar No. 13851 | N.C. Bar No. 10887 |
| Brian A. Kahn | Amanda P. Nitto |
| N.C. State Bar No. 29291 | N.C. Bar No. 45158 |
| Anita Foss | Emma W. Perry |
| N.C. State Bar No. 47743 | N. C. Bar No. 58848 |
| Jessica O'Brien Peretz | Anna Claire Tucker |
| N.C. State Bar No. 56679 | N.C. Bar No. 59457 |
| Kelly A. Warlich | |
| N.C. State Bar No. 51053 | 101 N. Tryon St., Ste. 1900 |
| 201 North Tryon Street, Suite 3000 | Charlotte, North Carolina 28246 |
| Charlotte, NC 28202-2146 | Telephone: 704.377.2536 |
| Telephone: (704) 343-2049 | Facsimile: 704.378.4000 |
| Facsimile: (704) 343-2300 | |
| bkutrow@mcguirewoods.com | rfuller@robinsonbradshaw.com |
| bkahn@mcguirewoods.com | anitto@robinsonbradshaw.com |
| afoss@mcguirewoods.com | eperry@robinsonbradshaw.com |
| jperetz@mcguirewoods.com | atucker@robinsonbradshaw.com |
| kwarlich@mcguirewoods.com | |
| | *Attorneys for Defendants Raymond* |
| Mark E. Anderson | *Fairbanks Bourne and Mary Everett* |
| N.C. State Bar No. 15764 | *Whitehurst Bourne* |

501 Fayetteville Street, Suite 500
Raleigh, NC 27601
Telephone: (919) 755 -6678
Facsimile: (919) 755-6699
manderson@mcguirewoods.com

Anne Doherty
N.C. State Bar No. 55494
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Telephone: (804) 775-7633
Facsimile: (804) 775-1061
adoherty@mcguirewoods.com

*Attorneys for Defendants TannerGAP, Inc. and Tanner Pharma UK Limited*

Artificial Intelligence Certification

Pursuant to the Court's June 18, 2024 Order, 3:24-mc-104, I hereby certify that:

- No artificial intelligence was employed in doing the legal r esearch for the preparation of this document, with the exception of such artificial intelligence embedded in standard on-line legal research sources such as Westlaw, Lexis, FastCase, and Bloomberg; and

- Every statement and every citation to an authority contained in this document has been checked by an attorney at this firm and/or paralegal working at their direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This 18th day of November, 2024.

s/ Robert W. Fuller
Robert W. Fuller
