IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| FS MEDICAL SUPPLIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:21-cv-00501-RJC-WCM |
| v. | ) | |
| | ) | |
| TANNERGAP, INC. and | ) | |
| TANNER PHARMA UK LIMITED, | ) | |
| | ) | |
| Defendants. | ) | |

*Consolidated for discovery with*

| | | |
|---|---|---|
| FS MEDICAL SUPPLIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:23-cv-00598-RJC-WCM |
| v. | ) | |
| | ) | |
| TANNER PHARMA UK LIMITED; | ) | |
| RAYMOND FAIRBANKS BOURNE; | ) | |
| and MARY EVERETT | ) | |
| WHITEHURST BOURNE; | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER

This matter is before the Court on the following:

(1) Plaintiff's Motion to Compel Production of ESI from Jonathan Bracey's Mobile Phone (the "Motion to Compel ESI," Doc. 174).

(2) Plaintiff's Motion to Compel Discovery on Discovery (Doc. 181).

(3) The parties' "Joint Stipulated Request for Entry of Addendum to Stipulated Protective Order" (the "Stipulation," Doc. 185).

1

(4) A Motion for Protective Order to Preclude Discovery-on-Discovery filed by Defendants Tanner Pharma UK Limited and TannerGAP, Inc. (collectively, "Tanner") (the "Motion for Protective Order," Doc. 183).

(5) Tanner's Motion for Leave to Amend Answer ("Tanner's Motion to Amend Answer," Doc. 179).

(6) Plaintiff's Motion for Protective Order Concerning Depositions – Expedited Relief Requested (the "Motion Concerning Depositions," Doc. 201).

(7) A Motion for Leave to Amend Second Defense in Answer filed by Raymond Fairbanks Bourne and Mary Everett Whitehurst Bourne a/k/a Molly Bourne (collectively, the "Bourne Defendants") (the "Bourne Defendants' Motion to Amend," Doc. 209).

(8) Tanner's Consent Motion to File Exhibits Under Seal (the "Motion to Seal," Doc. 212).

(9) A Motion to Modify Discovery Completion Date to Permit Depositions after December 6, 2024 filed by the Tanner and Bourne Defendants (collectively, "Defendants") (the "Motion to Extend Discovery Deadline," Doc. 219).

A hearing on these motions, as well as a status conference, was conducted on November 20, 2024, following which the undersigned ruled orally on these matters. This order memorializes those rulings.

For each ruling described herein, the Court has considered the parties' filings, the arguments of counsel made during the hearing, and applicable authorities.

### I. Motion to Compel ESI

Previously, FS Medical Supplies, LLC ("FSMS" or "Plaintiff") propounded document requests to Tanner, which sought, among other things,

2

"All Whatsapp messages, text messages, other text messaging communications, teams chats, voicemail messages, or email messages between or among" Raymond Fairbanks 'Banks' Bourne ("Bourne"), Stephen Scalia ("Scalia"), and/or Jonathan Bracey ("Bracey") regarding FSMS, Orient Gene, and the United Kingdom's purchase of products from Tanner.

By the Motion to Compel ESI, FSMS seeks an order requiring Tanner to collect, review, and produce responsive electronically stored information ("ESI") from Jonathan Bracey's mobile phone (the "Device").

During the November 20 hearing, Tanner's document production to date, privacy concerns raised by Bracey, and a potential process for the forensic imaging of the Device were discussed. FSMS also confirmed that it does not seek Bracey's personal information, including any personal medical information.

The Motion to Compel ESI will be granted.

### II. Motion to Compel Discovery on Discovery and Motion for Protective Order

FSMS seeks to compel Tanner to provide "discovery on discovery," including by responding to certain written discovery and designating a corporate representative of TPUK to testify about the retention, preservation, and collection of ESI stored by Bourne and Bracey.

In response, Tanner moves for a protective order precluding FSMS from eliciting deposition testimony from TPUK's corporate representative regarding Topics 43 and 44 of a deposition notice that has been served pursuant to Rule 30(b)(6) of the Rules of Civil Procedure. which Topics seek testimony about the 'preservation, collection, review, and production of the custodial ESI" of Bourne and Bracey.

Tanner concedes that it anticipated litigation in late February of 2021 but did not issue a litigation hold until January 25, 2022 (though also argues that no "enterprise" data was lost in light of its blanket retention policies).

It is also undisputed that a 30-day autodelete setting was activated on Bourne's mobile device at some point and that some unknown amount of Bourne's text messages that were generated during the relevant discovery period have been lost.

Under these circumstances, the undersigned is persuaded that some limited discovery on discovery is appropriate. See e.g., Black v. West Virginia State Police, Nos. 3:22-cv-00096, 3:22-cv-00203, 2023 WL 4834948, at *10 (S.D. W.Va. July 27, 2023) ("discovery on discovery usually is limited to circumstances where a specific deficiency is shown in a party's production, or where 'a party's efforts to comply with proper discovery requests are reasonably drawn into question.'"); DR Distributors, LLC v. 21 Century Smoking, Inc., 513 F. Supp. 3d 839, 931–33 (N.D. Ill. 2021) ("in cases involving

4

ESI, to satisfy their preservation duties, parties must investigate and disable autodelete functions … once litigation is reasonably anticipated").

However, considering Tanner's concerns regarding the privileged nature of some of the information FSMS seeks as well as the representations of counsel that Bourne and Bracey have each been questioned during their individual depositions regarding their document retention obligations, both the Motion to Compel Discovery on Discovery and the Motion for Protective Order will be granted in part.

### III. Tanner's Motion to Amend Answer, the Bourne Defendants' Motion to Amend, and the Motion Concerning Depositions

Tanner seeks leave to file an amended answer that asserts, among other things, an affirmative defense that the Distribution Agreement is void due to misrepresentation, and counterclaims for fraud/fraudulent inducement and negligent misrepresentation. Tanner contends that FSMS misrepresented FSMS's practice of vetting companies in China, its ability to fulfill large orders for personal protective equipment ("PPE") and its prior experience in PPE distribution, and that FSMS had multiple employees and an operational office. Doc. 179-1 at ¶¶ 10, 11. Tanner also contends that FSMS misrepresented the substance and extent of its prior relationship with Orient Gene and Healgen, Doc. 179-1 at ¶ 13; see also id. at ¶ 30.

5

Similarly, the Bourne Defendants seek leave to amend their affirmative defense of "unclean hands" to assert, among other things, that "FSMS misrepresented its relationships, experience, expertise, resources, and capabilities to Tanner. The misrepresentations included, but are not limited to, FSMS's experience in the PPE industry, staffing, and its relationship with Orient Gene, as set forth more specifically in Defendants Tanner Pharma UK Limited's and TannerGAP, Inc.'s Motion for Leave to Amend Answer."

FSMS asks the Court to deny both motions to amend and, instead, to enter a protective order prohibiting Tanner from asking questions regarding nine (9) topics during the depositions of Laird Cagan (an owner of FSMS),[1] FSMS, and non-parties Charles Roach ("Roach"), Will Hooks ("Hooks"), and Reese Kennedy ("Kennedy"). See Doc. 201 at 4.

During the hearing, Defendants represented that if the proposed amendments to their pleadings were allowed, they would need to: (1) obtain additional responses to written discovery that had been propounded to FSMS previously; (2) complete the individual deposition of Cagan; (3) take a corporate deposition of FSMS pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; and (4) depose Roach, Hooks, and Kennedy.

---

[1] The deposition of Cagan was previously suspended, to be resumed following the Court's consideration of the issues raised in the Motion Concerning Depositions. See Doc. 208.

6

FSMS represented that it would not need to take further discovery if the amendments were allowed but argued that it would be prejudiced nonetheless because it would be required to defend against Defendants' newly pled misrepresentation theory. FSMS additionally acknowledged that it knew of Tanner's proposed counterclaim in August of 2024 (which was approximately halfway through the court enforceable discovery period), though argued that Defendants had acted in bad faith in seeking leave to amend and asserted that the proposed amendments were futile.

Having considered the requirements of Rule 15(a), the undersigned is persuaded that Defendants' motions to amend should be granted and the Motion Concerning Depositions should be denied. This ruling is without prejudice to FSMS's right to challenge the amendments through any dispositive motions, if appropriate.

### IV. Motion to Extend Discovery Deadline

Considering the parties' representations regarding the status of discovery in this matter, including the discovery Defendants wish to conduct regarding their proposed amendments and the limited time they would need to complete it, the Motion to Extend Discovery Deadline will be granted.

### V. Motion to Seal

Tanner requests leave to file the following four documents under seal, which documents contain information that has been designated as

7

Confidential and/or Confidential – Attorneys' Eyes Only (the "Subject Documents"):

> (1) Excerpts from the Deposition of Cagan (Rough Draft), October 29, 2024 (Doc. 214);
>
> (2) Excerpts from the Expert Report of Aaron Dolgoff, dated September 11, 2024 (Doc. 215);
>
> (3) Expert Report of Barry K. Lynn, dated September 11, 2024 (Doc. 216); and
>
> (4) Excerpts from the Expert Deposition of Jim Mao ("Mao") (Rough Draft), October 30, 2024 (Doc. 217).

Although FSMS does not oppose the Motion to Seal, it represented during the hearing that the depositions of Cagan and Mao have been provisionally marked as confidential pending FSMS's review of those transcripts for confidential information. FSMS additionally explained that certain information contained in the expert report of Aaron Dolgoff had been marked as "confidential – attorneys' eyes only" by Orient Gene, a third party.

Having reviewed the Subject Documents and heard the statements of counsel, the undersigned is not persuaded, on the current record, that the Subject Documents should be sealed but will hold the Motion to Seal in abeyance and provide an opportunity for any party or non-party to object to the unsealing of the Subject Documents.

## VI. The Stipulation

The parties confirmed their request for the Court to amend the Consent Protective Order that was previously entered, and that request will be allowed.

**IT IS THEREFORE ORDERED THAT**:

(1) Plaintiff's Motion to Compel Production of ESI from Jonathan Bracey's Mobile Phone (Doc. 174) is **GRANTED** as follows:

   a. On or before **December 4, 2024,** Tanner **SHALL PRODUCE** responsive electronically stored information contained on Bracey's mobile device in the same form as Tanner has produced electronically stored information from other devices.

   b. This production shall not include Bracey's personal information, including any medical information relative to him or his family.

(2) Plaintiff's Motion to Compel Discovery on Discovery (Doc. 181) and Tanner's Motion for Protective Order to Preclude Discovery-on-Discovery (Doc. 183) are **GRANTED IN PART** as follows:

   a. FSMS is **GRANTED LEAVE** to conduct a single 30(b)(6) deposition of TPUK. The deposition is limited as follows:

      i. The preservation, collection, review, and production of the custodial ESI of Bourne and Bracey is the sole issue that may be explored.

      ii. The deposition is limited to a duration of no more than two (2) hours on the record.

      iii. FSMS may seek factual information only. TPUK retains its rights to object to individual questions based on reasonable attorney-client privilege or work product concerns.

   b. To the extent FSMS seeks additional discovery on discovery, the request is **DENIED WITHOUT PREJUDICE**. Plaintiff may renew a request for discovery on discovery, if appropriate, following the 30(b)(6) deposition allowed herein and FSMS's review of the ESI from Bracey's Device.

(3) The parties' "Joint Stipulated Request for Entry of Addendum to Stipulated Protective Order" (Doc. 185) is **GRANTED**, and the parties' Stipulated Protective Order (Doc. 25) is amended accordingly.

(4) Tanner's Motion for Leave to Amend Answer (Doc. 179) is **GRANTED**, and Tanner shall file the amended pleading (Doc. 179-2) on or before **November 22, 2024**.

(5) Plaintiff's Motion for Protective Order Concerning Depositions – Expedited Relief Requested (Doc. 201) is **DENIED**.

(6) The Bourne Defendants' Motion for Leave to Amend Second Defense in Answer (Doc. 209) is **GRANTED**, and the Bourne Defendants shall file the amended pleading on or before **November 22, 2024**.

(7) Tanner's Consent Motion to File Exhibits Under Seal (Doc. 212) is **HELD IN ABEYANCE**. On or before **December 6, 2024**, any party or non-party may file any objection to the Subject Documents being unsealed. Counsel for FSMS shall provide notice of this deadline to Orient Gene.

(8) Defendants' Motion to Modify Discovery Completion Date to Permit Depositions after December 6, 2024 (Doc. 219) is **GRANTED**, and the parties' deadline to complete court-enforceable discovery in this matter is **EXTENDED** through and including **December 20, 2024**. All other provisions of the Pretrial Order and Case Management Plan (Doc. 164), including the January 6, 2025 deadline to file motions and the May 5, 2025 trial setting remain in effect.

Signed: November 25, 2024

W. Carleton Metcalf
United States Magistrate Judge