| | |
|---|---|
| FS MEDICAL SUPPLIES, LLC,<br><br>    Plaintiff,<br>v.<br><br>TANNERGAP, INC. *et al.*,<br><br>    Defendants. | Civil Action No.<br>3:21-CV-501-RJC-WCM |

# MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO FILE UNDER SEAL SECOND AMENDED AND SUPPLEMENTAL COMPLAINT

**ARNOLD & PORTER**
  **KAYE SCHOLER LLP**
250 W 55th Street
New York, NY 10019
212-836-8000
kent.yalowitz@arnoldporter.com
carmela.romeo@arnoldporter.com

 – and –

**ARNOLD & PORTER**
  **KAYE SCHOLER LLP**
1144 Fifteenth Street, Suite 3100
Denver, CO 80202
303-863-1000
eliseo.puig@arnoldporter.com


December 3, 2024

**MAYNARD NEXSEN PC**
227 W. Trade Street, Suite 2300
Charlotte, NC 28202
Telephone: (704) 339-0304
lerwin@maynardnexsen.com
dluzum@maynardnexsen.com
kzhao@maynardnexsen.com

*Counsel for Plaintiff*

Plaintiff, FS Medical Supplies, LLC ("FSMS"), reluctantly moves to file under seal FSMS's proposed Second Amended and Supplemental Complaint ("SASC").

## INTRODUCTION

Pursuant to Local Rules 6.1 and 7.1, Plaintiff FS Medical Supplies, LLC ("FSMS") submits this memorandum of law in support of its motion to file the SASC under seal. FSMS seeks leave to file under seal the SASC, which contains quotations from, and references to, materials marked as confidential by Defendants. The instant motion is necessary in order for FSMS to comply with this Court's April 14, 2022 Protective Order in *Tanner I* (ECF 25) and the parties' Joint Motion for a Stipulated Protective Order in *Tanner II* (ECF 46).

Some Defendants have requested additional time to review and determine whether any portion of the SASC should remain under seal. In light of the upcoming case deadlines, FSMS files the SASC under seal to avoid delay.

## LEGAL STANDARD

There is a common law presumption in favor of access to judicial records, which presumption may be overcome only if competing interests outweigh the interest in access. *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). "The court must consider less drastic alternatives to sealing and, if it decides to seal documents, must state the reasons for its decision to seal supported by specific findings, and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *Id.* at 181 (citations omitted).

In *Ashcraft v. Conoco, Inc.*, the Fourth Circuit noted that a district court "has

supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." 218 F.3d 288, 302 (4th Cir. 2000) (internal quotation marks omitted). However, there is a presumption in favor of public access to court records. *Id.* In order to seal documents, the court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Id.*

"The judges of [the Western District of North Carolina], in conjunction with the public, attorneys, and members of Bar representing the press, developed Local Civil Rule 6.1, 'Sealed Filings and Public Access,' to dispose of requests for sealing in an orderly manner." *Legal Newsline v. Garlock Sealing Techs. LLC*, 518 B.R. 358, 364 (W.D.N.C. 2014). Local Civil Rule 6.1(C) requires a motion to seal or supporting brief to set forth the following:

> (1) a non-confidential description of the material sought to be sealed; (2) a statement as to why sealing is necessary and why there are no alternatives to filing under seal; (3) unless permanent sealing is sought, a statement as to the period of time the party seeks to have the material maintained under seal and as to how the matter is to be handled upon unsealing; and (4) supporting statutes, case law or other authority.

L. Civ. R. 6.1(C) (2012).

## ARGUMENT

### A. Non-Confidential Description of Materials Sought to be Sealed

FSMS seeks to file under seal the SASC, which contains quotations from, and references to, materials produced and marked as confidential in order to comply with
2

its obligation to do so under the protective order. FSMS does not believe anything in the SASC should be filed under seal.

### B. Statement of Reasons Sufficient to Overcome Public's Presumptive Right of Access

FSMS takes no position on whether the materials at issue were rightfully marked as "Confidential," but nothing in the SASC rises to a level of secrecy such that it should be sealed for a lengthy period of time. Pursuant to the Court's April 14, 2022 Protective Order in *Tanner I* (ECF 25) and the parties' Joint Motion for a Stipulated Protective Order in *Tanner II* (ECF 46), the burden of demonstrating the need to maintain the document, or portions thereof, under seal is on the Defendants.

FSMS seeks to file the SASC under seal for the time being to allow the parties to proceed with motion briefing and the Court to adjudicate the motion with adequate time ahead of the upcoming case deadlines and scheduled trial date.

### C. Statement of Period of Time FSMS Seeks to Have the Document Under Seal and How the Matter is to be Handled Upon Unsealing

FSMS seeks to have SASC placed under seal until such time that the Defendants can determine whether any portion should remain under seal and, if so, provide evidence of the need for sealing.

### D. Supporting Statutes, Case Law, or Other Authority

In *Ashcraft*, 218 F.3d at 302, the Fourth Circuit noted that a district court "has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." Based on this Court's April 14, 2022 Protective Order in *Tanner I* (ECF 25) and the parties' Joint Motion for a Stipulated Protective Order in *Tanner II* (ECF 46), FSMS is required

to file the SASC under seal, and the burden of demonstrating the need to maintain the document, or portions thereof, under seal is on the Bourne Defendants as the "Producing Party."

## CONCLUSION

For the aforementioned reasons, FSMS respectfully requests that the clean and redlined copies of the SASC be placed under seal until such time that the Defendants can demonstrate whether any portion should remain under seal.

This the 3rd day of December, 2024.

| | |
|---|---|
| /s/ Kent A. Yalowitz | /s/ Lex M. Erwin |
| Kent A. Yalowitz (admitted *pro hac vice*) | Lex M. Erwin |
| N.Y. State Bar No. 2188944 | N.C. State Bar No. 34619 |
| Carmela T. Romeo (admitted *pro hac vice*) | David A. Luzum |
| N.Y. State Bar No. 5058151 | N.C. State Bar No. 41398 |
| **ARNOLD & PORTER** | Kevin Y. Zhao |
|   **KAYE SCHOLER LLP** | N.C. State Bar No. 53680 |
| 250 W 55th Street | **MAYNARD NEXSEN PC** |
| New York, NY 10019 | 227 W. Trade Street, Suite 2300 |
| 212-836-8000 | Charlotte, NC 28202 |
| kent.yalowitz@arnoldporter.com | Telephone: (704) 339-0304 |
| carmela.romeo@arnoldporter.com | Facsimile: (704) 338-5377 |
| | lerwin@maynardnexsen.com |
| – and – | dluzum@maynardnexsen.com |
| | kzhao@maynardnexsen.com |
| Eliseo R. Puig (admitted *pro hac vice*) | |
| Colorado State Bar No. 49022 | *Counsel for Plaintiff* |
| **ARNOLD & PORTER** | |
|   **KAYE SCHOLER LLP** | |
| 1144 Fifteenth Street, Suite 3100 | |
| Denver, CO 80202 | |
| 303-863-1000 | |
| eliseo.puig@arnoldporter.com | |

# CERTIFICATION

Pursuant to the Court's June 18, 2024 Standing Order regarding Use of Artificial Intelligence, the undersigned certifies that:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line research sources WestLaw, Lexis, FastCase, and Bloomberg;
2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

*/s/ Lex M. Erwin*
Lex M. Erwin