IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| FS MEDICAL SUPPLIES, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>TANNERGAP, INC. AND TANNER<br>PHARMA UK LIMITED,<br><br>    Defendants;<br><br>and<br><br>FS MEDICAL SUPPLIES, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>TANNER PHARMA UK LIMITED;<br>RAYMOND FAIRBANKS BOURNE;<br>MARY EVERETT BOURNE,<br><br>    Defendants. | Case No. 3:21-cv-501-RJC-WCM<br>Case No. 3:23-cv-598-RJC-WCM |

**TANNER PHARMA UK LIMITED'S AND TANNERGAP, INC.'S
REPLY IN SUPPORT OF THEIR
<u>MOTION TO QUASH AND FOR PROTECTIVE ORDER</u>**

# INTRODUCTION

Parties "may not ignore the plain mandate of the Rules."[1] Yet in its misplaced defense of an invalid notice of deposition of a non-party, FSMS does exactly that. FSMS goes on about whether Robert Keel is an officer or managing agent of Tanner Pharma UK ("TPUK") and emphasizes a four-part test to determine the latter. But none of that matters because neither TPUK nor any other party to this case employs Mr. Keel. And in any event, FSMS does not come close to showing that Mr. Keel is TPUK's officer or managing agent. As a result, a Rule 30(b) notice of deposition is ineffective to compel his appearance.

FSMS's relevance and proportionality arguments fare no better. Mr. Keel is a peripheral witness with little, if any, unique information, so adding another fact deposition at the end of discovery is needlessly cumulative. Still, the Tanner Defendants made repeated offers of a limited deposition in a good-faith effort to compromise, but FSMS snubbed each one. And FSMS's attempt to analogize Mr. Keel's deposition to three non-party depositions that the Tanner Defendants plan to take effectively concedes that Mr. Keel is a non-party and ignores that the Tanner Defendants followed the proper process for deposing non-parties.

For these reasons and those below, the Court should enter a protective order under Rule 26 quashing the notice of deposition to Mr. Keel.

# ARGUMENT

**I. FSMS fails to resuscitate its invalid notice of deposition of a non-party witness.**

FSMS's attempt to notice the deposition of Mr. Keel, the employee of a non-party, is invalid and ineffective. A party may not compel the deposition of a non-party by serving a notice of deposition without a subpoena or, if necessary, compliance with an applicable treaty. The rule

---

[1] *United States ex rel. Weston & Brooker Co. v. Cont'l Cas. Co.*, 303 F.2d 91, 92 (4th Cir. 1962).

remains the same even when the non-party is employed by a party's affiliate. Tanner Defs.' Mem. in Supp. of Mot. to Quash & for a Protective Order, Dkt. 230 ("Mem."), at 5–6. FSMS does not seriously dispute this standard or that Mr. Keel is employed by Tanner Pharma GmbH, a Swiss entity that is not a party to this litigation. Rather, FSMS weakly responds that its Rule 30(b) notice is proper because Mr. Keel is an Executive Vice President of "Tanner Pharma Group" and that somehow gives him control over TPUK. Opp. 6–9. This unpersuasive argument fails because (1) FSMS relies on the wrong legal standard; and (2) even under that inapplicable standard, FSMS fails to meet its burden of proof.

### A. FSMS relies on the wrong legal standard.

The legal standard that FSMS invokes does not apply because Mr. Keel is not employed by TPUK or any other defendant in this case. A Rule 30(b) notice only suffices to compel the deposition of a party or that party's officers, directors, and managing agents. It "does not require a non-party to appear for deposition." *Champion Pro Consulting Grp., Inc. v. Impact Sports Football, LLC*, No. 1:12CV27, 2014 WL 6686727, at *2 (M.D.N.C. Nov. 26, 2014). The standard is no different for a non-party employed by a party's affiliate. FSMS cannot simply compel the deposition of anyone within a group of related corporate entities using a Rule 30(b) notice alone. *See, e.g.*, *In re Benicar (Olmesartan) Prods. Liab. Litig.*, No. 15-2606, 2016 WL 5817262, at *3 (D.N.J. Oct. 4, 2016) (declining to compel deposition of non-party witnesses employed by a party's affiliate); *Shijiazhuang Hongray Grp. v. World Trading 23 Inc.*, No. EDCV 21-972, 2023 WL 4827099, at *5 (C.D. Cal. Feb. 28, 2023) (same); *Ethypharm S.A. France v. Abbott Lab'ys*, 271 F.R.D. 82, 88–92 (D. Del. 2010) (same); *Newmarkets Partners, LLC v. Oppenheim*, No. 08 Civ. 04213, 2009 WL 1447504, at *1 (S.D.N.Y. May 22, 2009) (same); *In re Ski Train Fire of Nov. 11, 2000 Kaprun Austria*, No. MDL 1428, 2006 WL 1328259, at *9 (S.D.N.Y. May 16, 2006) (same).

2

Thus, the Court need not apply a "managing-agent test" or "control test" to evaluate whether TPUK controls or is controlled by Mr. Keel. As FSMS's own case explains, the managing-agent test is "concerned with ensuring that an organization is deposed through its proper representatives." *E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc.*, 268 F.R.D. 45, 48 (E.D. Va. 2010). For example, it determines who may testify on behalf of an organization and who an organization must produce for deposition to avoid sanctions and adverse inferences at trial. Fed. R. Civ. P. 30(b)(6) (referring to "managing agents"); *id.* 32(a)(3) (same); *id.* 37(d)(1)(A)(i) (same). It does not, however, transmute a non-party into an employee. *See Bridgestone Americas, Inc. v. Int'l Bus. Machines Corp.*, No. 3:13-CV-1196, 2017 WL 11684607, at *3 (M.D. Tenn. Feb. 7, 2017) ("This [managing-agent] analysis applies to individual employees, corporate entities acting as agents for the business, and independent contractors."); *see, e.g.*, Mem. 6 (collecting cases); *Reed Paper Co. v. Proctor & Gamble Distrib. Co.*, 144 F.R.D. 2, 4 (D. Me. 1992) (declining to apply the managing-agent test because the deponent "was not at the time of the taking of his deposition employed by the defendant corporation" and explaining it made no difference that the witness was employed by a related entity and was "loyal" to that "family of companies"). Mr. Keel is not an employee, and his employment with a party's affiliate does not change that reality. *See In re Benicar*, 2016 WL 5817262, at *3 (rejecting argument that a deposition notice could compel a non-party witness employed by an affiliate to testify, despite that the two entities were affiliates and part of an "integrated global organization").

FSMS's cases are not to the contrary. With two exceptions, none addressed the issue of whether a Rule 30(b)(1) notice was effective to compel a non-party to testify. Most involved depositions of employees or officers, and therefore did not involve non-parties. *Mousselli v. Hunter Warfield, Inc.*, No. 3:23-CV-411, 2024 WL 3734249, at *2 (W.D.N.C. July 5, 2024)

3

("Defendant's employees/agents"); *E.I DuPont*, 268 F.R.D. at 47 (defendant's "employees");[2] *Travelers Indem. Co. v. Hash Mgmt., Inc.*, 173 F.R.D. 150, 155–56 (M.D.N.C. 1997) (defendant's president); *In re Honda Am. Motor Co., Inc. Dealership Relations Litig.*, 168 F.R.D. 535, 540–41 (D. Md. 1996) (defendant's "present employee"). Others had nothing to do with the issue here.[3]

As to the two exceptions,[4] this Court should not follow them because they incorrectly applied the federal rules. Particularly as to *Calderon*, courts have criticized cases that use a party's "control" over an affiliate's employees as the standard for compelling a deposition. Mem. 7–8 & n.2. Such cases are "outlier[s]," as "there is no textual basis in the federal rules for [the] argument that the 'control' test is applicable to the court's consideration regarding [the] request to depose individual witnesses pursuant to [Rule] 30." *In re Benicar*, 2016 WL 5817262, at *4 (quoting *Ethypharm S.A. France*, 271 F.R.D. at 90).

In short, Mr. Keel is not employed by a party to this case, so a Rule 30(b) notice is ineffective to compel his attendance at a deposition. FSMS cannot rely on an inapposite test as an excuse for using the wrong procedural mechanism to try to depose Mr. Keel.

---

[2] Some of the employees in *E.I. Dupont* were former employees. Generally, "former employees cannot be managing agents of a corporation." *E.I. DuPont*, 268 F.R.D. at 49 (quoting *In re Honda*, 268 F.R.D. at 541). But courts have recognized limited exceptions, such as when a managing agent is fired to avoid disclosure in litigation. *See id.*

[3] Several of FSMS's cases did not address depositions at all. *Schweikert v. Bank of Am., N.A.*, 521 F.3d 285, 289 (4th Cir. 2008) (holding plaintiff was a corporate officer for purposes of the National Bank Act); *Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520, 525 (9th Cir. 1989) (same). One addressed admissibility standards at trial. *Palmer Coal & Rock Co. v. Gulf Oil Co.*, 524 F.2d 884, 887 (10th Cir. 1975). Another involved an individual who had been subpoenaed, unlike Mr. Keel. *Calgene, Inc. v. Enzo Biochem, Inc.*, No. CIVS-93-0195, 1993 WL 645999, at *7–8 (E.D. Cal. Aug. 27, 1993).

[4] *Calderon v. Experian Info. Sols., Inc.*, 290 F.R.D. 508 (D. Idaho 2013); *Felman Prod., Inc. v. Indus. Risk Insurers*, No. 3:09-CV-00481, 2010 WL 5110076 (S.D.W. Va. Dec. 9, 2010).

### B. Even if FSMS had employed the correct legal standard, FSMS has not proven that Mr. Keel controls TPUK.

Even if FSMS cited the correct legal standard (it did not), FSMS fails to prove Mr. Keel is a managing agent of TPUK or otherwise has control over TPUK for several reasons. *See* Opp. 8 (conceding FSMS bears the burden of proof). First, FSMS relies on a sleight of hand, contending that Mr. Keel holds the title of Executive Vice President of "Tanner Pharma Group"; therefore, he must be an officer of TPUK. Opp. 6. That argument is a non sequitur because Mr. Keel's title within Tanner Pharma Group alone says nothing about his role within TPUK.

Second, FSMS contends the Tanner Defendants stated in jurisdictional discovery that Mr. Keel was an employee of TPUK as of June 30, 2021. Opp. 6–7. But Mr. Keel's employment status three years ago is irrelevant to whether FSMS can compel his deposition today. As FSMS's own case makes clear, "[o]rdinarily, managing agent status is determined ***as of the time of the deposition***, not as of the time when the activities disputed in the litigation occurred." *E.I. DuPont*, 268 F.R.D. at 49 (emphasis added); *accord In re Honda*, 168 F.R.D. at 540 ("Determining whether an individual qualifies as a 'managing agent' of a corporation must be made at the time of the deposition."). And FSMS does not dispute that, presently, Mr. Keel is employed by Tanner Pharma GmbH. Dkt. 230-2, Smoot Decl., Tanner Ex. II, ¶ 3. His former employee status is not relevant under Rule 30(b)(1).

Third, FSMS utterly fails to show that Mr. Keel has the "supervisory authority" or other control required to be a "managing agent" of TPUK even if that test applies (it does not). Opp. 7–9. *See E.I. DuPont*, 268 F.R.D. at 48–49 (listing factors). FSMS's own cases illustrate that the showing of control required is far greater than what FSMS purports to show here. In one of FSMS's cases, one witness "managed nearly every facet of" the party's production of the products at issue and had "supervisory authority over [the party's] CEO" and the other was a "[s]hareholder

5

and 50% owner" who also had "supervisory authority over [the] CEO." *Felman Prod.*, 2010 WL 5110076, at *5, *7. In the other case, the party's counsel admitted at oral argument that the non-party individuals had "act[ed] for and on behalf of" the party in the events at issue. *Calderon v. Experian Info. Sols.*, 287 F.R.D. 629, 635 (D. Idaho 2012); *see Calderon*, 290 F.R.D. at 512. By contrast, FSMS's contention that Mr. Keel is the Executive Vice President of "Tanner Pharma Group" establishes no specific connection to TPUK. Nor do FSMS's attachments show any such connection. The LinkedIn page for Mr. Keel, attached to FSMS's brief, describes Mr. Keel as the "Executive Vice President of TannerMAP" since 2017. Opp. Ex. A.[5] It does not say that he is presently employed by TPUK or otherwise reference TPUK. In addition, the Tanner Pharma Group webpage attached to FSMS's brief shows that Mr. Keel's title is "EVP of Managed Access Programs." Opp. Ex. B. Nowhere does that page reference TPUK or show that Mr. Keel somehow has supervisory authority over it. Finally, that Mr. Keel holds an advanced degree says nothing about his authority within Tanner Pharma GmbH, much less any other Tanner entity.

In short, this Court should not consider whether Mr. Keel has control over TPUK because Mr. Keel is not TPUK's employee. But even if the Court did consider it, FSMS has not met its burden to show that such control exists.

**II.    Deposing Mr. Keel is disproportionate to the needs of the case.**

A full deposition of Mr. Keel at the bitter end of discovery is disproportionate to the needs of the case and outweighs any benefit. *See* Fed. R. Civ. P. 26(b)(1). Mr. Keel is no longer identified as a potential trial witness and FSMS has already obtained extensive discovery from the

---

[5] "TannerMAP" is an operational division, Dkt. 63-7, Smoot Dep. Tr. 23:7-10; and TannerMAP, Inc. is a separate entity that is not a defendant in this litigation. Dkt. 63-4, Org. Chart.

Tanner Defendants.[6] Moreover, FSMS unreasonably rejected multiple compromises for a deposition of Mr. Keel that would be appropriately limited in time and scope. Mem. 3–4, 8–9. FSMS's arguments to the contrary fail to justify taking Mr. Keel's deposition.

To begin, FSMS argues Mr. Keel's name appears on various documents and so he must have relevant information. Opp. 4–5. But whether Mr. Keel has relevant information is beside the point. Deposing Mr. Keel is disproportionate to the needs of the case because it is cumulative. Many of the same documents that FSMS identifies also contain the names of Jonathan Bracey, Sean Neat, Matt Way (present and former TPUK employees) as well as Maryori Alvarenga, John Lagus, Gaby Martinez, and Steve Scalia—all of whom FSMS has already deposed. *See* Opp. Ex. E. FSMS fails to persuasively explain what deposing Mr. Keel will add to FSMS's already extensive discovery. In a case like this one, at the end of the discovery period and where yet another deposition will be unbeneficial and cumulative, the mere fact that a witness possesses some "relevant knowledge" is "not the touchstone for whether [the witness] should be deposed." *In re Benicar*, 2016 WL 5817262, at *5.

Next, FSMS argues that because the Tanner Defendants are deposing three non-party witnesses, FSMS should be able to depose Mr. Keel. Besides the fact that FSMS's comparison of Mr. Keel to three non-party witnesses all but concedes that Mr. Keel is one himself, the Tanner Defendants' non-party depositions are distinguishable. Unlike FSMS, the Tanner Defendants issued subpoenas for two of the non-party depositions in compliance with the Federal Rules of Civil Procedure. The Tanner Defendants informed FSMS's counsel almost two months ago of their intent to subpoena these non-parties, Ex. I, and FSMS's counsel agreed to accept service on

---

[6] Although FSMS claims Mr. Keel was identified as a potential witness for the Tanner Defendants' case in chief, that is not the case. Opp. 2. The Tanner Defendants have made it clear to FSMS that Mr. Keel was identified as a rebuttal witness. *See* Mem. 3, 5, 8; Tanner Exs. V, VI.

7

their behalf. Exs. II, III.[7] Plus, the Court denied FSMS's motion for a protective order as to these depositions. Dkt. 232 at 7.

Finally, FSMS argues the Tanner Defendants cannot challenge the proportionality of Mr. Keel's deposition because the Tanner Defendants agreed for Mr. Keel to sit for a deposition with appropriate time and subject-matter limitations. Opp. 1, 5. This argument is a nonstarter. This Court requires that civil motions "show that counsel have conferred and attempted in good faith to resolve areas of disagreement, or describe the timely attempts of the movant to confer with opposing counsel." LCvR 7.1(b). If parties' good-faith efforts to compromise were later held against them, they would never offer them in the first place. Moreover, FSMS's argument that proportionality focuses on the deposition's logistics alone is meritless. Preparing for a full deposition with unlimited topics is far more burdensome than a short deposition with a limited scope. That answers FSMS's proportionality argument.

**III.    FSMS's timeliness and logistics arguments miss the mark.**

FSMS makes two final arguments in support of deposing Mr. Keel. For one, FSMS argues that the notice of deposition was timely. Opp. 6. The Tanner Defendants do not contest its timeliness but argue that the parties have discussed depositions for months, FSMS never showed interest in deposing Mr. Keel until just before the close of discovery, and FSMS seized on a limited and now withdrawn Rule 26 disclosure as a pretext. As of this filing, there are 13 business days left in the as-extended discovery period, and depositions are already scheduled on over half of those days – on some days, two depositions will proceed simultaneously.

---

[7] Counsel for the Tanner Defendants issued subpoenas to non-party witnesses William Hooks and Reese Kennedy. Non-party Charles Roach agreed to appear voluntarily.

Next, FSMS argues that Swiss law poses no obstacles to deposing Mr. Keel. Opp. 10. Tellingly, however, FSMS does not dispute that the Hague Convention would apply to a deposition in Switzerland and that Swiss law would limit the ability to U.S. attorneys to come to Switzerland for depositions. Although FSMS demanded that Mr. Keel be deposed by video, that is problematic given that Mr. Keel's counsel could not be with him in person. No such deposition has been taken in this case. Moreover, the cases that FSMS cites do not support the proposition that this Court can compel a non-party who is not employed by a party to travel to the United States to be deposed. In *In re Honda*, the court compelled a "present employee" to travel to the United States. 168 F.R.D. at 541. In *Schindler Elevator Corp. v. Otis Elevator Co.*, the court required a party to the case to produce a Rule 30(b)(6) designee under the Federal Rules of Civil Procedure without resort to the Hague Convention. 657 F. Supp. 2d 525, 527–28, 534 (D.N.J. 2009). Both cases are thus distinguishable. Finally, FSMS stresses that Mr. Keel could travel to other European countries to be deposed. But this Court should not require Mr. Keel to remedy FSMS's failure to timely use the procedural mechanisms necessary to depose him.

## CONCLUSION

For these reasons, the Tanner Defendants respectfully request that this Court grant their motion and enter a protective order under Rule 26 quashing the notice of deposition to Mr. Keel.

This the 3rd day of December, 2024.

                                                                                                                McGuireWoods LLP

By:    <u>/s/ Bradley R. Kutrow</u>
        Bradley R. Kutrow
        N.C. State Bar No. 13851
        Brian A. Kahn
        N.C. State Bar No. 29291
        Anita Foss
        N.C. State Bar No. 47743
        Jessica O'Brien Peretz
        N.C. State Bar No. 56679
        Kelly A. Warlich
        N.C. State Bar No. 51053
        201 North Tryon Street, Suite 3000
        Charlotte, NC 28202-2146
        Telephone: (704) 343-2049
        Facsimile: (704) 343-2300
        bkutrow@mcguirewoods.com
        bkahn@mcguirewoods.com
        afoss@mcguirewoods.com
        jperetz@mcguirewoods.com
        kwarlich@mcguirewoods.com

        Mark E. Anderson
        N.C. State Bar No. 15764
        501 Fayetteville Street, Suite 500
        Raleigh, NC 27601
        Telephone: (919) 755-6678
        Facsimile: (919) 755-6699
        manderson@mcguirewoods.com

        Anne Doherty
        N.C. State Bar No. 55494
        Gateway Plaza
        800 East Canal Street
        Richmond, VA 23219
        Telephone: (804) 775-7633
        Facsimile: (804) 775-1061
        adoherty@mcguirewoods.com

        *Attorneys for Defendants TannerGAP, Inc. and Tanner Pharma UK Limited*

# CERTIFICATION

Pursuant to this Court's June 18, 2024 Order regarding the use of artificial intelligence, the undersigned states that:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources such as Westlaw, Lexis, FastCase, and Bloomberg; and

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 3rd day of December, 2024.

/s/ Bradley R. Kutrow
Bradley R. Kutrow
N.C. State Bar No. 13851
MCGUIREWOODS LLP

*Counsel for Defendants TannerGAP, Inc. and Tanner Pharma UK, Ltd.*