IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| FS MEDICAL SUPPLIES, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>TANNERGAP, INC., *et al.*,<br><br>    Defendants,<br><br>and<br><br>FS MEDICAL SUPPLIES, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>TANNER PHARMA UK LIMITED, *et al.*,<br><br>    Defendants. | Case No. 3:21-cv-501-RJC-WCM<br>Case No. 3:21-cv-598-RJC-WCM |

**NON-PARTIES ORIENT GENE AND HEALGEN'S**
**REPLY BRIEF IN SUPPORT OF TANNER PHARMA UK LIMITED'S AND**
**TANNERGAP, INC.'S CONSENT MOTION TO FILE EXHIBITS UNDER SEAL**

In violation of the Local Rules, this Court's November 25, 2024, Order (ECF No. 232), the Protective Order (ECF No. 25), its Agreement with Orient Gene and Healgen, and in contradiction to its judicial admissions, FSMS filed a "Statement…Concerning Motion to Seal" that asks the Court to unseal documents FSMS agreed should be sealed and de-designate documents FSMS agreed should be marked "CONFIDENTIAL-ATTORNEYS' EYES ONLY." ECF No. 249 (the "Statement"). Because it was improperly filed and attempts to walk-back prior representations, the

Court should ignore the Statement in its entirety. If, however, the Court considers the Statement, it should still maintain the sealing of Exhibit D (the Dolgoff Report excerpt) and the portions of Exhibit E (the Lynn Report excerpt) that Orient Gene and Healgen redacted. ECF No. 246-2.

## I. ARGUMENT

The Court should not consider the Statement and deny the relief it requests because it was submitted in violation of the Local Rules, multiple Court Orders, the Agreement, and contradicts FSMS' prior judicial admissions.

First, the Statement violates LCvR 7.1(b), (c)(2), and (e). Under LCvR 7.1(b), "[c]ivil motions must show that counsel have conferred and attempted in good faith to resolve areas of disagreement, or describe the timely attempts of the movant to confer with opposing counsel. A motion that fails to show that the parties have properly conferred or attempted to confer may be summarily denied." Pursuant to LCvR 7.1(c)(2), "[m]otions shall not be included in responsive briefs." LCvR 7.1(e) requires "[r]esponses to motions…[to] be filed within fourteen (14) days of the date on which the motion is served."

Here, Tanner filed the Consent Motion to Seal on November 6, 2024 (the "Consent Motion"). ECF Nos. 212, 213. By consenting, FSMS expressly agreed that four documents, including Exhibits D and E, should be sealed. ECF No. 212, at 1–2 ("The Tanner Defendants have conferred with [FSMS] regarding the relief sought in this Motion, and FSMS consents to the requested relief."). Consistent with this representation, FSMS did not oppose the Consent Motion.

Despite this history, FSMS filed the Statement on December 6, 2024, and, for the first time, asked the Court to deny the Consent Motion, unseal the four documents referenced in it, and de-designate Orient Gene and Healgen's Confidential Business Information. ECF No. 249. This filing violates LCvR 7.1(b), (c)(2), and (e) because FSMS did not attempt to meet and confer with

2

Orient Gene or Healgen, requests affirmative relief in a response to a motion, and was filed well past FSMS' 14-day response deadline, after FSMS already informed this Court that it agreed to the Consent Motion. The Court, therefore, should refuse to consider the Statement. *Joiner v. Choicepoint Servs., Inc.*, No. 1:05CV321, 2006 WL 2716090, at *2 (W.D.N.C. Sept. 22, 2006) (recognizing the Court's power to deny motions filed in violation of the Local Rules, in particular meet-and-confer obligations, and remarking that "[l]ike the federal Rules, this District's Local Rules are to be followed; they are not mere suggestions.").

Second, the Statement contravenes this Court's November 25, 2024, Order (ECF No. 232) and the Protective Order (ECF No. 25). The November 25, 2024, Order held the Consent Motion in abeyance, not so that FSMS could file a belated opposition, but "to provide an opportunity for any party or non-party to *object to the unsealing of the Subject Documents*." ECF No. 232, at 8 (emphasis added). The Statement does not "object to the unsealing of the Subject Documents;" it does the opposite. As a result, it defies the Court's Order.

Likewise, the Statement violates the Protective Order, which prescribes a specific procedure for challenging confidentiality designations. ECF No. 25, at 8–9 (requiring a meet and confer process and that a request to the Court be filed within five days of a designating party's decision not to de-designate). FSMS did not follow this procedure. It did not meet-and-confer with Orient Gene and Healgen and did not file a motion. Instead, its filing blind-sided Orient Gene and Healgen, who reviewed the Consent Motion, saw that FSMS consented to it, and relied on the parties' Agreement.

Third, the Statement violates the Agreement and contradicts FSMS' prior representations. The Agreement requires FSMS to refrain from challenging Orient Gene and Healgen's designation of the Non-Tanner Sales Data as "CONFIDENTIAL—ATTORNEYS' EYES ONLY" and commits

it to oppose any attempt to challenge such designation. ECF No. 246-1, at 3 (¶ 6). The Statement represents a brazen breach of these provisions that the Court should not condone. Indeed, the Statement is an inappropriate attempt by FSMS to retract its agreement to the Consent Motion, which constituted a judicial admission. *Flexi-Van Leasing, Inc. v. Travelers Indem. Co.*, 837 F. Appx. 141, 145–46 (4th Cir. 2020) (noting that allegations in a party's complaint constitute binding judicial admissions) (unpublished); *Meyer v. Berkshire Life Ins. Co.*, 372 F.3d 261, 264–67 (4th Cir. 2004) (finding the doctrine of judicial admission precludes a party from taking inconsistent positions on issues of law). For all these reasons, the Court should ignore the Statement and maintain the sealing of Exhibit D (the Dolgoff Report excerpt) and the portions of Exhibit E (the Lynn Report excerpt) that Orient Gene and Healgen redacted. ECF No. 246-2.

Alternatively, if the Court considers the Statement, it should still maintain the sealing of Exhibit D (the Dolgoff Report excerpt) and redacted portions Exhibit E (the Lynn Report excerpt). FSMS has offered no evidence to support its request—only argument. In contrast, the uncontested evidence before the Court demonstrates that public disclosure of Orient Gene and Healgen's Confidential Business Information will cause them irreparable harm. These non-parties only disclosed their Confidential Business Information in reliance on the parties' contractual agreement to maintain confidentiality and in a good-faith effort to resolve a discovery dispute short of court intervention. Such irreparable harm arises regardless of the Confidential Business Information's age or anonymity. *See* ECF No. 246, at 9–10.

## II. CONCLUSION

For the foregoing reasons, Non-Parties Orient Gene and Healgen respectfully request that the Court maintain the sealing of Exhibit D (the Dolgoff Report excerpt) and Exhibit E (the Lynn Report excerpt), with a public version of Exhibit E made accessible that redacts the Confidential Business Information and other information marked Confidential.

Respectfully submitted,

Dated: December 11, 2024

**GORDON REES SCULLY MANSUKHANI, LLP**

By: */s/ Allison J. Becker*
Allison J. Becker (#41993)
150 Fayettesville Street
Suite 1120
Raleigh, NC 27601
Tel: (919) 787-4555
Fax: (919) 74105840
abecker@grsm.com

Peter G. Siachos (*pro hac vice forthcoming*)
677 King Street, Ste. 450
Charleston, SC 29401
Tel: (843) 278-5900
Fax: (843) 804-4691
psiachos@grsm.com

*Attorneys for Non-Parties Zhejiang Orient Gene Biotech Co., Ltd. and Healgen Scientific Limited Liability Company*

5

## **CERTIFICATION**

Pursuant to the Court's June 18, 2024 Order regarding the use of artificial intelligence, the undersigned states that:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard online legal research sources such as Westlaw, Lexis, FastCase, and Bloomberg; and

2. Every statement and every citation to any authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 11th day of December, 2024.

By: */s/ Allison J. Becker*
Allison J. Becker (#41993)
GORDON REES SCULLY
MANSUKHANI LLP

*Attorneys for Non-Parties Zhejiang Orient Gene Biotech Co., Ltd. and Healgen Scientific Limited Liability Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2024, this brief was filed with the Clerk of the Court through the CM/ECF system, which will send notification to all registered counsel of record.

>  */s/ Allison J. Becker*
>  Allison J. Becker