IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:23-cv-00598-RJC-WCM
Civil Action No. 3:21-cv-00501-RJC-WCM

| | |
|---|---|
| FS MEDICAL SUPPLIES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>TANNER PHARMA UK LIMITED, RAYMOND FAIRBANKS BOURNE A/K/A "BANKS" BOURNE, and MARY EVERETT WHITEHURST BOURNE A/K/A MOLLY BOURNE,<br><br>Defendants. | DEFENDANTS' MEMORANDUM IN SUPPORT OF JOINT MOTION TO SEAL CONFIDENTIAL INFORMATION CONTAINED IN PLAINTIFF'S PROPOSED SECOND AMENDED AND SUPPLEMENTAL COMPLAINT AND RESPONSE TO PLAINTIFF'S MOTION TO SEAL |

Pursuant to Local Rules 6.1 and 7.1, Defendants Tanner Pharma UK Limited ("TPUK"), TannerGAP, Inc., Raymond Fairbanks Bourne, and Mary Everett Whitehurst Bourne (together, the "Defendants") submit this memorandum in support of their Motion to Seal requesting that the Court permit the redaction and permanent sealing of confidential and sensitive information contained in the proposed Second Amended and Supplemental Complaint (the "Second Amended Complaint") filed by FS Medical Supplies, LLC ("FSMS"), ECF No. 240, and responding to FSMS's Motion to File Under Seal, ECF No. 237.

On December 3, 2024, FSMS filed its proposed Second Amended Complaint under seal. ECF No. 240.[1] FSMS sought sealing of the proposed Second Amended Complaint "until such time as Defendants may respond by providing the basis for their contentions for keeping the documents under seal." ECF No. 237. The Defendants now seek the redaction and permanent sealing of certain confidential and sensitive information contained in the proposed Second Amended Complaint.

In the proposed Second Amended Complaint, FSMS disclosed information related to transfers of cash sums made between the Bournes, TPUK, and/or TannerGAP. The information at issue (the "Financial Transaction Information") contains sensitive and confidential details of the Defendants' financial transactions. For the reasons described below, Defendants request that the Court grant their motion to redact and permanently seal the financial transaction information contained in the proposed Second Amended Complaint.

Additionally, the Defendants request that the Court allow the redaction of Stephen John Scalia's ("Scalia") February 15, 2011 conviction, because the inclusion in any proposed or operative pleading would violate the Court's September 19, 2022 Order (ECF No. 60), which entered the parties' consent order agreeing to omit the conviction from FSMS's prior Amended Complaint and reserved the parties' dispute over its admissibility until trial.

---

[1] The Bournes are not defendants in Civil Action No. 3:21-cv-00501-RJC-WCM ("FSMS I"). The proposed Second Amended Complaint seeks to add claims against the Bournes.

Local Rule 6.1 requires that a request to file materials under seal contain: (1) a non-confidential description of the material sought to be sealed; (2) a statement indicating why sealing is necessary and why there are no alternatives to filing under seal; (3) unless permanent sealing is sought, a statement indicating how long the party seeks to have the material maintained under seal and how the matter is to be handled upon unsealing; and (4) supporting statutes, case law, or other authority. LCvR 6.1(c)(1-4). Because the Defendants seek redaction and permanent sealing of the financial transaction information in the proposed Second Amended Complaint filed by FSMS, this brief will address requirements 1, 2, and 4 respectively and all requirements related to the Scalia allegations.

I. **Description of the Material Sought to Be Redacted and Sealed.**

   a. **Redaction and Sealing of the Financial Transaction Information**

The Defendants seek to redact and permanently seal the financial transaction information because it contains details regarding the Defendants' financial condition and various material financial transfers made by TPUK to Mr. Bourne, as well as individuals and entities associated with Mr. Bourne. Declarations that the Defendants seek to redact or seal in their entirety are as follows:

3

| Proposed Second Amended Complaint Paragraph Number | Statement | Description and Scope of Sealing Request |
|---|---|---|
| 111 | "On or about December 23, 2020, Tanner Pharma UK transferred [dollar amount] to Bourne Capital Partners so that Mr. Bourne could pay 'bonuses.' Tanner Pharma UK received no value in exchange for this transfer." | The Defendants seek to redact the dollar amount from this statement. |
| 114 | "On July 19, 2021, Tanner Pharma UK transferred [dollar amount] to 'Tanner US' for the purpose of distributing the cash to Mr. Bourne." | The Defendants seek to redact the dollar amount from this statement. |
| 116 | "On February 7, 2022, Tanner Pharma UK transferred [dollar amount] to Mr. Bourne's personal bank account as purported repayment for an undocumented loan that Mr. Bourne had made less than one month earlier." | The Defendants seek to redact the dollar amount from this statement. |
| 118 | "On May 17, 2022, Tanner Pharma UK transferred [dollar amount] to Mr. Bourne's personal bank account as purported repayment for a loan that Mr. Bourne had made less than one month earlier." | The Defendants seek to redact the dollar amount from this statement. |
| 140 | [Financial transactions between Mr. Bourne and the companies described in the quotation from Mr. Bly] | The Defendants seek to seal this sentence entirely as it reflects the Defendants' confidential business information, and given its nature, there is no viable alternative option to redact. |

| 142 | "Over the course of the period (October 2020 through March 2022), Tanner Pharma UK transferred more than [dollar amount] in cash to its U.S. affiliates. Of this amount, Mr. Scalia personally received [dollar amount]." | The Defendants seek to redact the dollar amount from this statement. |
|---|---|---|
| 149h | "Mr. Bourne personally approved a [dollar amount] wire transfer to Orient Gene to induce it to sign a falsely back-dated letter for submission to the UK Government in order to induce it to do business with Tanner: As Mr. Scalia put it: 'Banks says yes. We can wire to OG now if they agree to send us the letter TODAY.'" | The Defendants seek to redact the dollar amount from this statement. |

### b. Sealing of Allegations About Scalia's Conviction

The Defendants also seek to redact Stephen John Scalia's ("Scalia") February 15, 2011 conviction from any proposed or operative Second Amended Complaint because its inclusion would violate the Court's September 19, 2022 Order. That Order resulted from the Court's earlier Order (ECF No. 57) which granted the Defendants' requests to redact portions of the Amended Complaint and directed the parties to meet and confer in order to seek agreement on the remaining redactions. In the September 19 Order, the parties stipulated, and the Court ordered, that Mr. Scalia's conviction would be omitted from FSMS's Amended Complaint without prejudice to any party's "right to introduce evidence or object to the introduction of evidence" of the conviction "at the trial of this matter or otherwise …." ECF 60.

FSMS's attempt to re-plead this allegation in its proposed Second Amended Complaint violates and would negate the Court's Order based on the parties'

5

17622572v5 28344.00011

Case 3:21-cv-00501-RJC-WCM   Document 257   Filed 12/17/24   Page 5 of 14

agreement and stipulation. The Defendants therefore request that the Court maintain as redacted the references to the conviction in Paragraphs 1 and 15 of the proposed Second Amended Complaint. ECF No. 240.

## II. Relevant Case Law Supports Permanent Sealing.

### a. Legal Standard

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). However, this right is not absolute, *id.* at 598, and "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004); *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988) (internal quotations omitted). "Where crucial 'portions of the [filings] may be amenable to public access without jeopardizing the confidentiality of sensitive information,' and 'confidential information [is not] so embedded in a [filing] that line-by-line redaction is impossible ... redaction [is] a reasonable alternative to sealing the entire [document].'" *In re FCA US LLC Monostable Elect. Gearshift Litig.*, 377 F.Supp.3d 779, 793 (E.D. Mich. 2019) (quoting *IDT Corp. v. eBay*, 709 F.3d 1220, 1224 (8th Cir. 2013)). However, in the Fourth Circuit, "a district court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *Wellness Grp., LLC v. King Bio, Inc.*, No. 1:12-CV-00281-MR-DLH, 2014 WL 68803, at *1 (W.D.N.C. Jan. 8, 2014).

When a general public right to inspect applies, courts employ a balancing test to determine whether the judicial records or documents should be sealed. In

6

17622572v5 28344.00011

Case 3:21-cv-00501-RJC-WCM    Document 257    Filed 12/17/24    Page 6 of 14

particular, courts examine "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984); *In re U.S. for an Ord. Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 293 (4th Cir. 2013).

Here, the Defendants move the Court to permanently redact and seal the financial transaction information containing details regarding the Defendants' financial transactions. The Defendants request redactions of the financial amounts in select statements as a reasonable alternative to sealing the entire proposed Second Amended Complaint. These financial amounts statements should be sealed because the sensitivity and confidentiality of the Defendants' financial information outweigh the public's interest in access. "[U]nder both Rule 26(c) and the common-law sealing analysis, courts frequently limit disclosure of sensitive financial information." *Garey v. James S. Farrin, P.C.*, No. 1:16CV542, 2020 WL 5211851, at *6 (M.D.N.C. Sept. 1, 2020).

b. **Common Law Analysis**

Should the common law right of access attach to the financial transaction information at issue, the public's right of access would nevertheless be outweighed by the Defendants' competing privacy interest in their personal finances and business activities.

Any public interest in access to these documents is marginal, at best. The public has no right to know the Defendants' financial condition, and disclosing this

7

financial information serves no legitimate purpose to the public. It sheds no light on any historical event that could benefit the public eye. On the other side of the scale, the Defendants have a significant countervailing interest in keeping their finances and business activities private. *See Garey*, 2020 WL 5211851, at *6–7 (holding that financial statements and balance sheets, among other financial documents "qualif[y] as the type of sensitive financial information that warrants protection from public disclosure," even when the opposing party "expressed[ed] no opinion" as to its confidentiality); *Randolph v. ADT Sec. Servs., Inc.*, No. DKC 09-1790, 2012 WL 2234362, at *11 (D. Md. June 14, 2012) (holding that sealing was warranted for documents containing an individual's "tax returns and other personal financial data," which were marked "confidential" pursuant to a stipulated protective order); *Fed. Trade Comm'n v. Syngenta Crop Prot. AG*, 695 F. Supp. 3d 701, 706-07 (M.D.N.C. 2023) (granting the motions to seal certain sensitive and confidential business information contained in portions of the amended complaint where the public could still understand the case's essential facts, parties, and issues, even with the limited redactions). Thus, the scales tip in favor of the Defendants.

Further, the Defendants have taken reasonable steps to preserve the confidentiality of the financial transaction information contained in the proposed Second Amended Complaint—such as by designating this similar information as confidential during discovery—and the public does not already have access to the data. *See Agro v. Makhteshim Agan of N. America, Inc.*, 1:10CV276, 2012 WL 12926044, at *2 (M.D.N.C. Jan. 12, 2012) (sealing confidential business information in part because there was no evidence to suggest that the parties did not take

8

reasonable care to preserve its secrecy and "the primary sources of the information that the parties seek to file under seal are marked as confidential"). The Defendants' significant countervailing privacy interest in the non-disclosure of their confidential financial information, juxtaposed against the public's minimal interest in access to the financial transaction information, warrants its permanent seal.

The Defendants also move the Court to redact the references to Mr. Scalia's conviction, because their inclusion in the proposed Second Amended Complaint violates a Court Order. Redaction is appropriate for two reasons.

First, the Court ordered the parties to negotiate a resolution of this issue in its September 6, 2022 Order. ECF No. 57. That negotiation resulted in the joint stipulation and consent order that the Court entered on September 19, 2022. ECF No. 60. The September 19 Order did not contemplate inclusion of the disputed allegations in any subsequent pleading, but reserved the evidentiary dispute for trial or evidentiary motion practice. ECF No. 60. FSMS now seeks to renege on its agreement and stipulation in order to re-insert the disputed information—which the Defendants maintain is inadmissible for any purpose—into the pleadings.

But "[a] consent order is a negotiated agreement that is entered as a judgment of the court . . . and thus has attributes of both contracts and judicial decrees." *United States v. Bank of Am., N.A.*, No. 3:12-CV-605-RJC-DCK, 2012 WL 4808737, at *1 (W.D.N.C. Oct. 10, 2012). FSMS seeks to avoid its prior agreement and the Court's Order maintaining the redaction of such allegations.

Second, resolution of this evidentiary issue should occur only after the Court can consider briefing and make a considered determination, not from one party's

9

preemptive attempt to include impertinent and inadmissible allegations into a pleading for tactical advantage. The conviction is stale because it occurred more than 10 years before FSMS filed 3:21-000501-RJC-WCM. This makes it presumptively inadmissible under Rule of Evidence 609(b), unless a multi-part showing is made. The Court can weigh its probative value against its prejudicial effect in view of "specific facts and circumstances" and make a reasoned determination. And Rule 609(b)'s prohibition on use of stale convictions is departed from "very rarely and only in exceptional circumstances." *Bizmark, Inc. v. Kroger Co.*, 994 F. Supp. 726, 728 (W.D. Va. 1998) (quoting Fed. R. Evid. 609(b) and *United States v. Beahm*, 664 F.2d 414, 417 (4th Cir.1981)). To be sure, this information is available to the public from other sources. And the conviction has been the subject of examination during depositions. But those factors do not trump Defendants' objections to its inclusion in FSMS's pleading or its admissibility at trial. And because the 13-year-old conviction is a matter of public record already, there is no "public interest" in its inclusion in the proposed Second Amended Complaint. In any event, the Court should be alert to attempts to use court filings for improper purposes, including those that would provide a basis for a motion to strike under Rule 12(f).

### III. Sealing and Redactions Are Necessary and There Are No Alternatives.

For the reasons set forth above, the sensitive and highly confidential nature of the Defendants' financial transaction information in the proposed Second Amended Complaint necessitates its redaction and sealing. Further, the parties' agreement and order regarding Mr. Scalia's conviction support its removal from the proposed Second Amended Complaint.

As part of its analysis, a district court "must … consider less drastic alternatives to sealing; and if it decides to seal it must state the reasons … for its decision and the reasons for rejecting alternatives to sealing." *Virginia Dep't of State Police*, 386 F.3d at 576. Here, the Defendants request redactions of select statements as a reasonable alternative to sealing the entire proposed Second Amended Complaint. There is no alternative to redaction and sealing of the financial amounts and Scalia's conviction. Therefore, the Defendants respectfully move this Court to allow redaction and permanent sealing of the statements described herein.

## CONCLUSION

For the reasons stated herein, the Defendants request that the Court grant their Motion to Seal.

This the 17th day of December, 2024.

By: *s/Robert W. Fuller*
Robert W. Fuller
N.C. Bar No. 10887
Amanda P. Nitto
N.C. Bar No. 45158
Emma W. Perry
N.C. Bar No. 58848
Anna Claire Tucker
N.C. Bar No. 59457
Matthew S. Queen
N.C. Bar No. 62614
Kayla E. Swan
N.C. Bar No. 62698

ROBINSON, BRADSHAW & HINSON, P.A.
101 N. Tryon St., Ste. 1900
Charlotte, North Carolina 28246
Telephone: 704.377.2536
Facsimile: 704.378.4000

rfuller@robinsonbradshaw.com
anitto@robinsonbradshaw.com
eperry@robinsonbradshaw.com
atucker@robinsonbradshaw.com
mqueen@robinsonbradshaw.com
kswan@robinsonbradshaw.com

*Counsel for Defendant Raymond Fairbanks Bourne and Defendant Mary Everett Whitehurst Bourne*

MCGUIREWOODS LLP

By: */s/ Bradley R. Kutrow*
Bradley R. Kutrow
N.C. State Bar No. 13851
Brian A. Kahn
N.C. State Bar No. 29291
Anita Foss
N.C. State Bar No. 47743
Jessica O'Brien Peretz

12

17622572v5 28344.00011

Case 3:21-cv-00501-RJC-WCM    Document 257    Filed 12/17/24    Page 12 of 14

N.C. State Bar No. 56679
Kelly A. Warlich
N.C. State Bar No. 51053
201 North Tryon Street, Suite 3000
Charlotte, NC 28202-2146
Telephone: (704) 343-2049
Facsimile: (704) 343-2300
bkutrow@mcguirewoods.com
bkahn@mcguirewoods.com
afoss@mcguirewoods.com
jperetz@mcguirewoods.com
kwarlich@mcguirewoods.com

Mark E. Anderson
N.C. State Bar No. 15764
501 Fayetteville Street, Suite 500
Raleigh, NC 27601
Telephone: (919) 755-6678
Facsimile: (919) 755-6699
manderson@mcguirewoods.com

Anne Doherty
N.C. State Bar No. 55494
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Telephone: (804) 775-7633
Facsimile: (804) 775-1061
adoherty@mcguirewoods.com

*Attorneys for Defendants TannerGAP, Inc. and Tanner Pharma UK Limited*

13

<u>Artificial Intelligence Certification</u>

Pursuant to the Court's June 18, 2024 Order, 3:24-mc-104, I hereby certify that:

- No artificial intelligence was employed in doing the legal research for the preparation of this document, with the exception of such artificial intelligence embedded in standard on-line legal research sources such as Westlaw, Lexis, FastCase, and Bloomberg; and

- Every statement and every citation to an authority contained in this document has been checked by an attorney at this firm and/or paralegal working at their direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This 17th day of December, 2024.

<u>s/ Robert W. Fuller</u>
Robert W. Fuller

14
17622572v5 28344.00011
Case 3:21-cv-00501-RJC-WCM   Document 257   Filed 12/17/24   Page 14 of 14