# Exhibit F

*Unredated Copy Filed Under Seal*

# McGuireWoods

McGuireWoods LLP
201 North Tryon Street
Suite 3000
Charlotte, NC 28202-2146
Phone: 704.343.2000
Fax: 704.343.2300
www.mcguirewoods.com

Anita M. Foss
Direct: 704.343.2338
afoss@mcguirewoods.com

December 16, 2024

**By Electronic Mail**

Kent Yalowitz
Arnold & Porter
250 West 55th Street
New York, NY 10019
Kent.Yalowitz@arnoldporter.com

Eliseo Puig
Arnold & Porter
1144 Fifteenth Street, Suite 3100
Denver, CO 80202-2569
Eliseo.Puig@arnoldporter.com

RE: *FS Medical Supplies, LLC v. TannerGap Inc. et al.*; 3:21-cv-00501-RJC-WCM
*FS Medical Supplies, LLC v. Tanner Pharma UK Limited et al.*; 3:23-cv-00598-RJC-WCM

Counsel:

We write to address the apparent failure by FS Medical Supplies, LLC ("FSMS") to preserve its business email platform, resulting in the loss of all FSMS email data from that platform with the exception of FSMS's extremely tardy December 11, 2024 production.

During the parties' February 15, 2024 meet and confer, you represented that FSMS did not have and never had a centralized location from which FSMS could collect emails sent to or from an FSMS email account. Rather, you represented that all such email addresses were "masked," "pass through" accounts solely stored in the recipients' personal inbox. You assured us that FSMS did not have and never had possession, custody, or control over emails sent to or from FSMS contractors because those emails were never stored by FSMS. We have relied on the accuracy of your representations throughout this litigation.

It now appears that your representations were inaccurate and misleading. Instead, based on Charles Roach's testimony on Friday, December 13 and FSMS's production on the afternoon of December 11, 2024, we now understand that:

1. FSMS email addresses were not set up as "pass through" emails, but instead were stored on a centralized server. Specifically, Mr. Roach confirmed that (1) all of FSMS's user accounts, including emails, were maintained on a centralized server (Rough Tr. at 179:11-

Atlanta | Austin | Baltimore | Charlotte | Charlottesville | Chicago | Dallas | Houston | Jacksonville | London | Los Angeles - Century City
Los Angeles - Downtown | New York | Norfolk | Pittsburgh | Raleigh | Richmond | San Francisco | Tysons | Washington, D.C.

Case 3:21-cv-00501-UJ1-WCM    Document 270    Filed 12/20/24    Page 2 of 5

2. FSMS failed to make necessary payments to retain access to its email server, resulting in the loss of access to all remaining data during the course of litigation. Roach Rough Tr. 189:19 – 192:12; Roach_Subp_Resp_00000511 (showing that the user licenses were active as of March 19, 2021—five days before FSMS filed its California state court complaint).

3. FSMS has known that there was a central server, because FSMS evidently collected emails from Mr. Cagan's **fsmedicalsupplies.com** email address in 2022.[1] This is evidenced by the path in FSMS's most recent production, which includes variations of \20241129\laird@fsmedicalsupplies.com.pst\[Gmail]\ All Mail.mbox\mbox.

4. FSMS did not disclose that a portion of the data from FSMS's email platform was available until December 11, 2024—approximately two years after FSMS collected the data, ten months after FSMS represented no such data had ever existed, six months after the parties' substantial completion deadline, and six days after the original close of fact discovery.

To date, you have made no proactive attempt to clarify or, if appropriate, correct your statements about the FSMS email platform, instead generalizing the matter as a vendor error without further detail. To address this, please:

- Confirm the original location from which the data in FSMS's December 11, 2024 production was collected and the date upon which it was collected;

- If the December 11, 2024 production came from Mr. Cagan's laird@fsmedicalsupplies.com email address and was collected in 2022, explain why FSMS never disclosed that collection, misrepresented the existence of FSMS's email server when that data was in FSMS's hands, and has so far failed to make any efforts to correct its prior misstatements upon "rediscovery" of this email PST and Mr. Roach's testimony;

- With respect to the availability of FSMS email data:

    o Identify each FSMS owner/employee/contractor who had an FSMS email address, as well as each group address (*e.g.*, sales@fsmedicalsupplies.com) that was created;

    o Identify whether and when data was available in the FSMS email platform for each FSMS email address;

---

[1] This date is based on Brian's conversation with Kent during Mr. Roach's deposition. If we are incorrect about the date of collection, please advise.

December 16, 2024
Page 3

- o  To the extent data was available at one time for an FSMS email address in the FSMS email platform, identify whether any data is still available for that FSMS email address;

- o  If any data was available in the FSMS email platform for an FSMS email address but is no longer available, identify the date upon which data became unavailable and the reason why it is no longer available;

- o  If FSMS cannot definitively determine whether data was ever available for a particular FSMS email address, identify those addresses; and

- o  If FSMS still contends no data was ever available on FSMS's platform for a particular email address, please confirm: (1) whether FSMS has knowledge of the relevant administrative account settings at the time of creation that rendered each such address a "pass through" address and that the account settings were not changed over time; and (2) whether Mr. Cagan's failure to maintain appropriate credit card payments impacted the availability of any custodial data.

- Confirm that FSMS has or will produce all known responsive documents[2] identified when examining Mr. Cagan's FSMS email PST, regardless of whether those documents hit on search terms. It is apparent based on the documents utilized in Mr. Roach's deposition that FSMS did not limit its review to those that hit on the parties' search terms. We expect that FSMS will produce all responsive documents identified during that review, regardless of whether FSMS ultimately chose to use them in Mr. Roach's deposition or whether those documents hit on search terms in accordance with Section 2.g of the parties' ESI Protocol;

- Review all documents from Mr. Cagan's FSMS PST for responsiveness, regardless of whether that data hits on search terms. It is apparent that this may be the only FSMS email server data available and that it contains unique data that does not hit on search terms (as evidenced by FSMS's review and use of such documentation during Mr. Roach's deposition); and

- Provide a response to Brian Kahn's December 5 letter addressing additional documents that the Tanner Defendants have identified and asked FSMS to produce.

We need this information to assess what additional steps are necessary in view of FSMS's apparent spoliation and admitted delay in producing responsive ESI. Given the time

---

[2] We trust that FSMS is determining "responsiveness" and "relevance" in accordance with the scope of Judge Metcalf's ruling on the Tanner Defendants' Motion to Amend. *See, e.g.*, 2024.11.20 Hr'g Tr at 97: 1-8 (acknowledging that FSMS's relevance objections would "go away" if the Rule 15 motions were granted).

frame remaining in discovery, we ask that FSMS respond to this letter by the close of business on Tuesday, December 17.

                                           McGuireWoods LLP

                                           Anita M. Foss

cc:     Counsel of Record