IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| FS MEDICAL SUPPLIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:21-cv-00501-RJC-WCM |
| v. | ) | |
| | ) | |
| TANNERGAP, INC. and | ) | |
| TANNER PHARMA UK LIMITED, | ) | |
| | ) | |
| Defendants. | ) | |

*Consolidated for discovery with*

| | | |
|---|---|---|
| FS MEDICAL SUPPLIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 3:23-cv-00598-RJC-WCM |
| v. | ) | |
| | ) | |
| TANNER PHARMA UK LIMITED; | ) | |
| RAYMOND FAIRBANKS BOURNE; | ) | |
| and MARY EVERETT | ) | |
| WHITEHURST BOURNE; | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

This matter is before the Court for case management purposes and for a ruling on certain motions, as stated below.

On November 20, 2024, the undersigned conducted a hearing and status conference. At the conclusion of those proceedings, the Court issued oral

1

rulings on pending discovery disputes. The undersigned also granted a Motion for Leave to Amend Answer filed by Defendants Tanner Pharma UK Limited and TannerGAP, Inc. (collectively, "Tanner"). Additionally, the parties' deadline to complete court-enforceable discovery was extended through and including December 20, 2024; all other provisions of the Pretrial Order and Case Management Plan (Doc. 164), including the January 6, 2025 deadline to file motions and the May 5, 2025 trial setting remained intact. The only issue taken under advisement was a consent motion to seal (Doc. 212), as the Court was skeptical of the need to seal all of the subject materials and wished to give non-parties the opportunity to be heard.[1]

On November 21, 2024, Tanner filed its Amended Answer, Affirmative Defenses, and Amended and Supplemental Counterclaims (the "Amended Answer and Counterclaims," Doc. 228).

Since that time, the parties have filed a flurry of new motions.

On November 22, 2024, Tanner filed a Motion to Quash and for Protective Order (Doc. 229).

FS Medical Supplies, LLC ("Plaintiff") filed a Motion to Dismiss Counterclaims and Strike Defenses (Doc. 235), asserting that portions of

---

[1] The Court's oral rulings from November 20, 2024 were memorialized in a written order filed on November 26, 2024. See Doc. 232.

Tanner's newly filed Amended Answer and Counterclaims should be dismissed or stricken.

Then, a few days later, Plaintiff filed its own Motion for Leave to Amend Complaint. Doc. 239.

On December 20, 2024 (the last day of the extended discovery period), Plaintiff filed a Motion for Sanctions for Spoliation of Evidence, and Tanner filed a new Motion to Compel. Docs. 261, 266.

On January 2, 2025, Plaintiff filed a Motion for Status Conference, requesting a hearing and conference to resolve the pending motions. Doc. 277. Plaintiff also filed a "Motion for Leave to File Excess Pages for Plaintiff's Upcoming Dispositive Motion Briefs," in both captioned matters, requesting that the page limit for its summary judgment briefs be increased to 60 pages. No. 3:21-cv-00501-RJC-WCM, Doc. 278; No. 3:23-cv-00598-RJC-WCM, Doc. 95.

New Motions to Seal have also been filed. See Docs. 237, 256, 264, 271.[2]

---

[2] As to the consent motion to seal that was previously taken under advisement, non-parties Zhejiang Orient Gene Biotech Co., Ltd. ("Orient Gene") and Healgen Scientific Limited Liability Company ("Healgen") made filings in support of the motion, Plaintiff reversed its position and now opposes sealing (which was apparently a surprise to Orient Gene and Healgen), and Tanner stands by its request for the subject documents to be sealed (but now seems to suggest that doing so may have evidentiary impacts).

3

The Federal Rules of Civil Procedure are to be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." F.R.C.P. 1.

In this case, the Court has set deadlines and managed the pretrial development of this matter with these principles in mind.

The parties' most recent wave of pretrial motions, which include a motion to dismiss, a motion to amend, and further discovery-related disputes, has required the Court to consider the motions deadline and trial setting anew. Having done so, and after consultation with the chambers of the presiding District Judge, the undersigned concludes that some, if not all, of the pending motions should be resolved prior to the filing of what the Court expects (given the history of this case) will be extensive motions for summary judgment accompanied by voluminous exhibits.

**IT IS THEREFORE ORDERED THAT:**

1. The deadline for the filing of dispositive motions, which is currently January 6, 2025, is **STAYED** pending further order of the Court. To avoid any confusion, the parties are advised that motions for summary judgment are not expected to be filed on January 6, 2025.

2. The trials of these matters, which are currently set for May 5, 2025, are **CONTINUED**, and will be reset at a later date.

3. The Motion for Status Conference (Doc. 277) is **GRANTED**, and the Clerk is respectfully directed to schedule a status conference and hearing on the motions currently pending on the docket as entries 229, 235, 237, 239, 256, 261, 264, 266, and 271.

4. The Motions for Leave to File Excess Pages for Plaintiff's Upcoming Dispositive Motion Briefs (No. 3:21-cv-00501-RJC-WCM, Doc. 278; No. 3:23-cv-00598-RJC-WCM, Doc. 95) are **DENIED WITHOUT PREJUDICE**.

Signed: January 3, 2025

W. Carleton Metcalf
United States Magistrate Judge