IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| FS MEDICAL SUPPLIES, LLC,<br><br>              Plaintiff,<br><br>v.<br><br>TANNERGAP, INC. AND TANNER PHARMA UK LIMITED,<br><br>              Defendants;<br><br>and<br><br>FS MEDICAL SUPPLIES, LLC,<br><br>               Plaintiff,<br><br>v.<br><br>TANNER PHARMA UK LIMITED; RAYMOND FAIRBANKS BOURNE; MARY EVERETT WHITEHURST BOURNE,<br><br>              Defendants. | Case No. 3:21-CV-00501-RJC-WCM<br>Case No. 3:23-CV-00598-RJC-WCM |

## DEFENDANTS' MEMORANDUM IN SUPPORT OF
## RULE 12(b)(1) MOTION TO DISMISS AMENDED COMPLAINT

FSMS's filing this evening reveals that this Court lacks federal subject matter jurisdiction over both cases that are a part of this long-running dispute. FSMS counsel informed defense counsel late today, on the eve of a hearing before this Court on several important motions, that one member of FS Medical Supplies, LLC is a citizen of China and a permanent resident of the United States. Her foreign citizenship destroys federal subject matter jurisdiction, and accordingly, this Court should immediately dismiss both *FSMS I* and *FSMS II* under Federal Rule of Civil Procedure 12(b)(1).

## BACKGROUND

Tanner Pharma UK Limited ("TPUK") is a private limited company under the laws of England and Wales. Dkt. 228 ¶ 9[1]; Dkt. 63, Ex. I, TPUK Certificate of Incorporation. Its registered office is in St. Albans and its operational office is at nearby Harpendenbury Farm, Redbourn, Hertfordshire. Dkt. 228 ¶ 131. TannerGAP, Inc. ("TannerGAP" and together with TPUK, "Tanner Defendants") is a corporation organized under the laws of North Carolina. Dkt. 228 ¶ 8. Its principal place of business is in Charlotte, North Carolina. *Id.* ¶ 6.

Raymond Fairbanks Bourne is an individual domiciled in Charlotte, North Carolina. FSMS II, Case No. 3:23-cv-00598 ("FSMS II"), Dkt. 91 ¶ 6. Mary Everett Whitehurst Bourne is an individual domiciled in Charlotte, North Carolina. *Id.* ¶ 7.

FSMS was formed as a Delaware limited liability company ("LLC") on March 30, 2020. Dkt. 63, Ex. K, Delaware Entity Search. Its members are Laird Cagan and Jim Mao and their spouses. Dkt. 58 ¶ 7. Mr. Cagan and his spouse are citizens of Texas. FSMS II, Dkt. 103; Dkt. 58 ¶ 7. As to Jim Mao and his spouse, FSMS alleged in its Amended Complaint that they were both domiciled in California. Dkt. 58 ¶ 7; *see also* FSMS II, Dkt. 3. However, for the first time on February 10, 2025, FSMS informed counsel for the Tanner Defendants and the Bournes over a Zoom call that Mr. Mao's spouse, Zhen Zhen Tong, is a Chinese citizen and permanent resident of California. Shortly thereafter, FSMS then filed an "Amended Citizenship Disclosure" showing her citizenship as "California/China." FSMS II, Dkt. 103.

---

[1] Unless otherwise stated, docket cites refer to filings in FSMS I, Case No. 3:21-cv-00501.

## STANDARD OF REVIEW

"Rule 12(b)(1) provides for dismissal of claims against all defendants where the Court lacks jurisdiction over the subject matter of the lawsuit." *Ballentine v. Robinson*, No. 3:15-CV-00496-FDW-DSC, 2016 WL 3095224, at *2 (W.D.N.C. June 1, 2016). "The existence of subject-matter jurisdiction is a threshold issue a court must address before considering the merits of any case." *Wiener v. AXA Equitable Life Ins. Co.*, No. 3:18-CV-00106-RJC-DSC, 2021 WL 5988273, at *1 n.1 (W.D.N.C. Sept. 20, 2021). "A federal court's subject-matter jurisdiction is limited." *Id.* "[T]he party seeking federal jurisdiction has the burden of proving that subject-matter jurisdiction exists." *Id.* "Subject-matter jurisdiction can be raised at any time, including after trial, and courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Id.* at *1. "If the Court lacks jurisdiction, it has no authority to hear any part of the case." *Pitts v. Savage*, No. 3:21-CV-00286-RJC-WCM, 2022 WL 287544, at *1 (W.D.N.C. Jan. 31, 2022).

## ARGUMENT

FSMS has purported to invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332. Dkt. 58 ¶ 5. FSMS pleaded that the requirements of Section 1332 were met because "all parties are citizens of different states and foreign states and the amount in controversy exceeds $75,000." *Id.* However, the information provided by FSMS's counsel, as reflected somewhat ambiguously in its "Amended Citizenship Disclosure," makes clear that this allegation was improper because one of FSMS's members is a citizen of a foreign state. Because one of the Tanner Defendants—TPUK—is also a foreign citizen, this Court lacks diversity jurisdiction under Section 1332, and both actions must be dismissed.

"[D]istrict courts do not have subject matter jurisdiction over cases with permanent resident aliens or non-resident aliens on both sides of the suit." *Jiuna Wang v. NYZ Mgmt. Servs., LLC*, No. 3:19-CV-00642-FDW-DSC, 2020 WL 2926477, at *3 (W.D.N.C. June 3, 2020); *Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 125 (2d Cir. 2020) ("We hold that 28 U.S.C. § 1332(a)(2) does not confer diversity jurisdiction where a permanent resident alien sues a non-resident alien...."). "The presence of aliens on both sides of a controversy without diverse U.S. citizens cannot support diversity jurisdiction." *La.-Pac. Corp. v. Akzo Nobel Coatings, Inc.*, No. 1:12-CV-625, 2014 WL 12672684, at *1 (M.D.N.C. Aug. 29, 2014). "[D]iversity is lacking where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens." *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012); *accord Phoenix Trading FZCO v. Dennis Corp.*, No. 4:22-CV-02355-RBH, 2022 WL 18674462, at *2 (D.S.C. Aug. 29, 2022) (stating same).

"For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of all of its members." *Hulsing Enterprises, LLC v. Fazio Mech. Servs., Inc.*, No. 1:21-CV-00152-MR-WCM, 2021 WL 3009006, at *1 (W.D.N.C. July 15, 2021). Where one of the members of an LLC is a citizen of a foreign state, the entire LLC is treated as a citizen of a foreign state for purpose of diversity jurisdiction. *FPACP4 LEX, LLC v. Stantec, Inc.*, 586 F. Supp. 3d 824, 826 (N.D. Ill. 2022) (holding that an LLC with at least one foreign member was a foreign LLC, even if the LLC had some "members who are citizens of a domestic state"); *see also N.Y. Metro. Reg'l Ctr., L.P. II v. Mammoet USA Holding, Inc.*, 552 F. Supp. 3d 451, 456 (S.D.N.Y. 2021) ("[F]or purposes of Section 1332(a), a 'single artificial entity' party is but one party and that its citizenship—and only its citizenship—matters for purposes of complete diversity. Put differently, a 'single artificial entity' cannot . . . be disaggregated, with its members being

4

treated as 'distinct parties with their own citizenship, as if the partners were personally named as parties.'").

Here, because FSMS has a foreign citizen as member, it is treated as a foreign entity. Because TPUK is also a foreign entity, there are foreign entities on both sides of *FSMS I* and *FSMS II*. As a result, this Court lacks subject matter jurisdiction, and both cases must be dismissed.

## CONCLUSION

This Court should dismiss *FSMS I* and *FSMS II* for lack of subject matter jurisdiction.

5

This the 10th day of February, 2025.

                        McGuireWoods LLP

By: */s/ Bradley R. Kutrow*
Bradley R. Kutrow
N.C. State Bar No. 13851
Brian A. Kahn
N.C. State Bar No. 29291
Anita Foss
N.C. State Bar No. 47743
Jessica O'Brien Peretz
N.C. State Bar No. 56679
Kelly A. Warlich
N.C. State Bar No. 51053
201 North Tryon Street, Suite 3000
Charlotte, NC 28202-2146
Telephone: (704) 343-2049
Facsimile: (704) 343-2300
bkutrow@mcguirewoods.com
bkahn@mcguirewoods.com
afoss@mcguirewoods.com
jperetz@mcguirewoods.com
kwarlich@mcguirewoods.com

Mark E. Anderson
N.C. State Bar No. 15764
501 Fayetteville Street, Suite 500
Raleigh, NC 27601
Telephone: (919) 755-6678
Facsimile: (919) 755-6699
manderson@mcguirewoods.com

Anne Doherty
N.C. State Bar No. 55494
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Telephone: (804) 775-7633
Facsimile: (804) 775-1061
adoherty@mcguirewoods.com

*Attorneys for Defendants TannerGAP, Inc. and Tanner Pharma UK Limited*

*s/ Robert W. Fuller*
Robert W. Fuller
N.C. Bar No. 10887
Amanda P. Nitto
N.C. Bar No. 45158
Emma W. Perry
N. C. Bar No. 58848
Anna Claire Tucker
N.C. Bar No. 59457
Matthew S. Queen
N.C. Bar No. 62614
Kayla E. Swan
N.C. Bar No. 62698

ROBINSON, BRADSHAW & HINSON, P.A.
101 N. Tryon St., Ste. 1900
Charlotte, North Carolina 28246
Telephone: 704.377.2536
Facsimile: 704.378.4000
rfuller@robinsonbradshaw.com
anitto@robinsonbradshaw.com
eperry@robinsonbradshaw.com
atucker@robinsonbradshaw.com
mqueen@robinsonbradshaw.com
kswan@robinsonbradshaw.com

*Counsel for Defendants Raymond Fairbanks Bourne and Mary Everett Whitehurst Bourne*

<u>Artificial Intelligence Certification</u>

Pursuant to the Court's June 18, 2024 Order, 3:24-mc-104, I hereby certify that:

- No artificial intelligence was employed in doing the legal research for the preparation of this document, with the exception of such artificial intelligence embedded in standard on-line legal research sources such as Westlaw, Lexis, FastCase, and Bloomberg; and

- Every statement and every citation to an authority contained in this document has been checked by an attorney at this firm and/or paralegal working at their direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

>   <u>/s/ Bradley R. Kutrow</u>
>   Bradley R. Kutrow
>   N.C. State Bar No. 13851
>   McGuireWoods LLP
>
>   *Attorneys for Defendants TannerGAP, Inc. and Tanner Pharma UK Limited*