IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00501-UJ1-WCM

FS MEDICAL SUPPLIES, LLC,           )
                                    )
        Plaintiff,                  )
                                    )        ORDER
        v.                          )
                                    )
TANNERGAP, INC. and                 )
TANNER PHARMA UK LIMITED,           )
                                    )
        Defendants.                 )
_____)

This matter is before the Court on the following:

1. Tanner Pharma UK Limited's and TannerGAP, Inc.'s Consent Motion to File Exhibits Under Seal ("Motion to Seal Exhibits," Doc. 212);

2. FSMS's Motion to File Under Seal Second Amended and Supplemental Complaint ("First Motion to Seal Proposed Complaint," Doc. 237); and

3. Defendants' Joint Motion to Seal Confidential Information Contained in Plaintiff's Proposed Second Amended and Supplemental Complaint ("Second Motion to Seal Proposed Complaint," Doc. 256).

I. Legal Standard

In evaluating a motion to seal, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to

1

object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

Additionally, Local Civil Rule 6.1 states that "there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed." LCvR 6.1(a). To support sealing, a party must set forth, among other things: (1) a non-confidential description of the material sought to be sealed; (2) a statement indicating why sealing is necessary and why there are no alternatives to filing under seal; and (3) supporting statutes, case law, or other authority. LCvR 6.1(c).

## II. Discussion

### A. The Motion to Seal Exhibits

TannerGAP, Inc. and Tanner Pharma UK Limited (together, the "Tanner Defendants") seek leave to file the following documents (the "Subject Documents") under seal:

> (1) Excerpts from the Deposition of Laird Cagan (Rough Draft), October 29, 2024 (the "Cagan Deposition Excerpts," Doc. 214).
>
> (2) Excerpts from the Expert Report of Aaron Dolgoff dated September 11, 2024 (the "Dolgoff Report Excerpts," Doc. 215).

(3) Expert Report of Barry K. Lynn dated September 11, 2024 (the "Lynn Report," Doc. 216).

(4) Excerpts from the Deposition of Jim Mao (Rough Draft), October 30, 2024 (the "Mao Deposition Excerpts," Doc. 217).

The Motion indicated that FS Medical Supplies, LLC ("FSMS") consented to the relief requested.

Following a November 20, 2024 hearing on various motions, the Motion to Seal Exhibits was held in abeyance to provide any party or non-party with an opportunity to object to the unsealing of the Subject Documents. Doc. 232.

On December 6, 2024, non-Parties Zhejiang Orient Gene Biotech Co., Ltd. ("Orient Gene") and Healgen Scientific Limited Liability Company ("Healgen") submitted a brief in support of the Motion to Seal Exhibits. Docs. 246, 247. Therein, Orient Gene and Healgen request that, because they contain Orient Gene's and Healgen's confidential proprietary sales data, the Dolgoff Report Excerpts and the Lynn Report be sealed, with a redacted version of the Lynn Report being made publicly available. Orient Gene and Healgen did not address the possible unsealing of the Cagan or Mao Deposition Excerpts.

The same day, the Tanner Defendants filed a position statement indicating that the Subject Documents should remain sealed, though the Tanner Defendants did not specifically address the Cagan or Mao Deposition Excerpts. Doc. 248.

Also on December 6, 2024, FSMS filed a position statement in which it asserted—contrary to its earlier position—that the Subject Documents should be unsealed. Doc. 249.

On December 11, 2024, Orient Gene and Healgen replied to FSMS's submission, arguing that they had been "blind-sided" by FSMS's filing and asking the Court to ignore that filing or, in any event, to seal the Dolgoff Report Excerpts and the unredacted Lynn Report. Doc. 250.

Based on the current record, the Court is not persuaded that the Cagan and Mao Deposition Excerpts should remain sealed.

With respect to the Dolgoff Report Excerpts and the Lynn Report, what began as an uncontested question, at least as between the parties, of whether these items should be sealed evolved into a broader dispute with evidentiary undertones, including questions about the extent to which the Dolgoff Report Excerpts, the Lynn Report, and the information on which those reports are based are reliable and may be used by FSMS either in the context of dispositive motions or at trial. Those issues, which should have been considered by the parties in more depth previously, are beyond the scope of the Motion to Seal Exhibits.

Orient Gene and Healgen assert that the Dolgoff Report Excerpts and the Lynn Report contain confidential proprietary information. They support their position by way of the Declaration of Aveling Xu, Vice President of Orient

4

Gene, who represents that sales data (including, among other information, unit prices, quantities, and total revenue) for certain COVID antigen test kits sold to customers in the United States and European Union, excluding Tanner Pharma Group, during the period of September 1, 2020 through May 31, 2022 was produced to FSMS in response to a subpoena only after FSMS, Orient Gene, and Healgen entered into an agreement by which Orient Gene and Healgen could designate that information as "Confidential-Attorneys' Eyes Only" subject to the protections of an addendum to the parties' protective order. Doc. 247 at ¶¶ 6-7. The Declaration further explains that this sales data, along with other information, included non-public information of commercial significance to Orient Gene's and Healgen's competitors, and that this information is subject to various internal protections and confidentiality protocols. Id. at ¶¶ 9-27.

In light of the representations set forth in Aveling Xu's Declaration, and in the absence of any specific evidence to the contrary from FSMS, the undersigned will allow the Dolgoff Report Excerpts to remain under seal. Further, as a redacted version of the Lynn Report now appears in the record (Doc. 246-2), the undersigned will allow the unredacted version of that Report to remain sealed.

5

## B. The First and Second Motions to Seal Proposed Complaint

FSMS "reluctantly moves" to file a clean and redline copy of its proposed Second Amended and Supplemental Complaint under seal because the proposed pleading "contains quotations from, and references to, materials marked as confidential by Defendants." Doc. 237 at 2.

The Tanner Defendants, along with Raymond Fairbanks Bourne and Mary Everett Whitehurst Bourne, similarly move the Court for an order sealing Plaintiff's proposed pleading. Doc. 256.[1] These parties contend that the proposed pleading discloses "sensitive and confidential details of the Defendants' financial transactions" and should be redacted to the extent it includes references to Stephen John Scalia's February 15, 2011 conviction. Doc. 256 at 2.

In light of the undersigned's conclusion that the Court lacks subject matter jurisdiction in this matter and that FSMS's claims should be dismissed without prejudice, the question of whether the proposed Second Amended and Supplemental Complaint should be sealed is, in some respects, moot.

Further, the allegations set forth in Plaintiff's proposed pleading are not significant to the undersigned's decisional process regarding the existence of

---

[1] Raymond Fairbanks Bourne and Mary Everett Whitehurst Bourne are not currently defendants in this case, but the proposed Second Amended and Supplemental Complaint seeks to add claims against them.

subject matter jurisdiction. See Hetzel v. ANC Healthcare, Inc., No. 1:23-CV-00152-MR-WCM, 2024 WL 3708872, at *2 (W.D.N.C. Aug. 7, 2024).

Accordingly, under the specific circumstances presented here, the undersigned will allow the First and Second Motions to Seal Proposed Complaint.

**IT IS THEREFORE ORDERED:**

1. That Tanner Pharma UK Limited's and TannerGAP, Inc.'s Consent Motion to File Exhibits Under Seal (Doc. 212) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. The Clerk is **RESPECTFULLY DIRECTED** to **UNSEAL**:

        i. Excerpts from the Deposition of Laird Cagan (Rough Draft), October 29, 2024 (Doc. 214); and

        ii. Excerpts from the Deposition of Jim Mao (Rough Draft), October 30, 2024 (Doc. 217).

    b. The Clerk is **RESPECTFULLY DIRECTED** to maintain the following documents **UNDER SEAL** until further order of the Court:

        i. The Dolgoff Report Excerpts (Doc. 215).

        ii. The Lynn Report (Doc. 216).

7

2. That the First Motion to Seal Proposed Complaint (Doc. 237) and the Second Motion to Seal Proposed Complaint (Doc. 256) are **GRANTED,** and the Clerk is **RESPECTFULLY DIRECTED** to maintain **UNDER SEAL** both versions of the proposed Second Amended and Supplemental Complaint (Docs. 240-1 and 240-2) until further order of the Court.

Signed: August 27, 2025

W. Carleton Metcalf
United States Magistrate Judge