IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:21-cv-00501-MR-WCM

| | |
|---|---|
| FS MEDICAL SUPPLIES, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| TANNERGAP, INC., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on multiple motions,[1] including the Defendants' Rule 12(b)(1) Motion to Dismiss Amended Complaint [Doc. 294]; the Memorandum and Recommendation of the Magistrate regarding these pending motions [Doc. 311]; the Plaintiff's Objection to the Memorandum and Recommendation [Doc. 313]; and the Plaintiff's Motion for Assignment of District Judge, Hearing on Motions, and Setting of Rule 16 Status Conference [Doc. 305].

---

[1] The other motions currently pending before the Court are Tanner Pharma UK Limited and TannerGAP, Inc.'s Motion to Quash and for Protective Order [Doc 229]; FSMS's Motion to Dismiss Counterclaims and Strike Defenses [Doc. 235]; FSMS's Motion for Leave to Amend Complaint [Doc. 239]; the Plaintiff's Motion for Sanctions for Spoliation of Evidence [Doc. 261]; and the Defendants' Motion to Compel [Doc. 266].

Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, the Honorable W. Carleton Metcalf, United States Magistrate Judge, was designated to consider the Defendants' Motion to Dismiss as well as the other pending motions and to submit a recommendation for their disposition. On August 27, 2025, the Magistrate Judge issued a Memorandum and Recommendation regarding these motions. [Doc. 311]. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. [Id.]. The Plaintiff filed its Objections on September 9, 2025. [Doc. 313]. After receiving an extension of time to do so, the Defendants filed a reply thereto on September 30, 2025. [Doc. 315].

With the filing of the objection and reply to the Memorandum and Recommendation, this matter is just now ripe for disposition. Nevertheless, the Plaintiff has for months now complained of the lack of attention given to this matter by the Court. The Court notes, however, that this matter was reassigned to a District Judge *on the day any matter became ripe for a District Judge to address.* Counsel's demands prior to that date were not only unfounded, but rude.[2]

---

[2] This Court has experienced two of the five district court judgeships in this district being vacant now for many months. As a result, the Court has had to rely on visiting judges from other districts to sit by designation and address pending matters. As this Court has

2

In addition, the Court notes that the procedural posture of this case is largely the result of the Plaintiff's own making. The Plaintiff attempted to amend its claims shortly before summary judgment, which forced the Court to continue that deadline and with it, the approaching trial date. While the motion to amend was still pending, and shortly before a motions hearing was to be held, the Plaintiff filed an Amended Citizenship Disclosure, revealing a basic factual error about the citizenship of one of its four members. This disclosure derailed the motions hearing and forced the Court to turn its attention to the threshold question of subject matter jurisdiction. By the time that the Plaintiff filed its "Motion for Assignment...," the briefing on these jurisdictional motions had been complete for only four months. In that motion, as well as in multiple email communications to the Clerk of Court since its filing, the Plaintiff has repeatedly prodded the Court to "move this case forward." This has done little to achieve the Plaintiff's aims.

After a careful review of the Memorandum and Recommendation, the Court concludes that the Magistrate Judge's proposed conclusions of law are correct and are consistent with current case law. Accordingly, the Court

---

explained on several occasions, the availability of any particular visiting judge is only known some days or weeks in advance, while a matter becomes ripe for re-assignment with relatively little notice. Thus, the *ripeness* of any particular motion or matter is and has been the trigger for reassignments. If counsel were paying attention, counsel would have known this. Yet counsel demanded reassignment before any action from a district court judge was needed. Counsel offers no explanation for this.

3

overrules the Plaintiff's Objection and accepts the Magistrate Judge's recommendation that the Defendants' Motion to Dismiss be granted due to a lack of subject matter jurisdiction. This matter therefore will be dismissed without prejudice, and the other pending motions will be denied without prejudice.[3]

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Objection [Doc. 313] is **OVERRULED**, and the Magistrate Judge's Memorandum and Recommendation [Doc. 311] is **ACCEPTED**.

**IT IS FURTHER ORDERED** as follows:

(1) The Defendants' Rule 12(b)(1) Motion to Dismiss Amended Complaint [Doc. 294] is **GRANTED**, and this matter is hereby **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

(2) The Plaintiff's Motion for Assignment of District Judge, Hearing on Motions, and Setting of Rule 16 Status Conference [Doc. 305] is **DENIED AS MOOT**.

---

[3] In its Objections, the Plaintiff states that, in the event that the Court determines that subject matter jurisdiction is lacking, the Court "should entertain a motion under Rule 21 to dismiss TPUK, which would eliminate the aliens-on-both-sides problem." [Doc. 313 at 4]. To date, however, the Plaintiff has not filed any such motion. To the extent that the Plaintiff's statement in its objection can be construed as a motion to dismiss, it is procedurally improper, as motions are not to be included in responsive pleadings. See LCvR 7.1(c)(2).

(3) Tanner Pharma UK Limited and TannerGAP, Inc.'s Motion to Quash and for Protective Order [Doc. 229]; FSMS's Motion to Dismiss Counterclaims and Strike Defenses [Doc. 235]; FSMS's Motion for Leave to Amend Complaint [Doc. 239]; the Plaintiff's Motion for Sanctions for Spoliation of Evidence [Doc. 261]; and the Defendants' Motion to Compel [Doc. 266] are **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** this the 1st day of October, 2025.

Hon. Martin Reidinger
Chief United States District Judge